LEWIS HITE, Plaintiff in Error, v. BARNEY E. WELLS, Defendant in Error.

ERROR TO MARION.

Each count of a declaration must truly set out the contract and cause of action, and, if the evidence does not sustain the count, the action fails; a party cannot, in any subsequent pleading, change the contract so as to present a new or different cause of action.

The statute of frauds is the plain law of the land, and it is the duty of courts to enforce its provisions. This statute requires the promise to be in writing, and the common law makes a consideration necessary to the legal obligation of the promise.

Parties may make valid contracts, though not in writing, to pay the debt of, or for services rendered for, another; but the new or original contract must be declared on; and this must be founded upon a new and original consideration moving to the party making the promise, and the debt of the original debtor must not be the consideration for the promise.

THE opinion of the court recites the facts in the case. The cause was heard at September term, 1854, of the Marion Circuit Court.

HAYNIE and BEECHER, for Plaintiff in Error.

R. S. NELSON, for Defendant in Error.

SKINNER, J.    Assumpsit by Wells against Hite.

The declaration contains two special counts. The first alleges that one Lyle was indebted to Wells in $208.75; that Hite, in consideration that Wells would procure from Lyle an order on Hite for the money so due Wells, undertook and promised to pay to Wells the money due from Lyle to him, Wells; that Wells procured the order, and showed and presented the same to Hite, and demanded payment of said sum of money; and that Hite refused to pay.

The second count alleges that Wells had been in the employment of Lyle, and that money was due him from Lyle on account of such employment; that Lyle being in failing circumstances, he, on account thereof, refused to continue in such employment; that Hite thereupon, in consideration that Wells would go on and continue in such employment, undertook and promised to pay Wells what was due and should become due him, by reason of such employment, from Lyle; that Wells did, in consideration thereof, go on and perform work and labor for Lyle; that there was due him for such work and labor done and performed, before and after said promise and undertaking, the sum of $208.75, and that Hite refused to pay the same.

To these counts Hite plead the statute of frauds and perjuries. To this plea Wells replied, "that the promises and undertakings

in said counts mentioned were made by Hite upon new considerations, moving from Wells to Hite, and not upon considerations moving from Lyle to Wells."

To this replication Hite demurred; the court overruled the demurrer, and Hite abided his demurrer.

If the plea is a good answer to the counts, it is evident the demurrer should have been sustained to the replication. By the well established principles of pleading, each count must truly set forth the contract and cause of action, and upon trial of the issue, if the evidence fails to prove the contract as alleged in the count, the plaintiff must fail as to such count.

He cannot in any subsequent pleading set up another contract, add to, or diminish from, the contract alleged in the count, so as to present a new or different cause of action. It is upon the cause of action alleged in the count alone, that he can recover in actions *ex contractu*. If, in this case, the contracts alleged in the counts are such as they are stated to be in the replication, then the promises therein alleged need not be in writing, and the plea of the statute is no defence; but it is for the counts, and not for the replication, to set forth the contracts, for the breach of which the plaintiff sues.

If the counts state contracts void under the statute, if not in writing, the plea of the statute is, *prima facie*, a complete defence, and is conclusive, if true. To determine upon the sufficiency of the plea, the court can only look to the counts, to which it is pleaded: if the contracts therein alleged are not within the statute, the plea will be held no defence; but if such contracts are within the statute, the plea, which alleges that they were not in writing, will be held a bar, and, if true, the plaintiff's action is taken away by the statute.

The replication is bad for departure from the counts, if it amounts to anything more than an attempt to construe, for the court, the contracts stated in the counts; and, if it is to be so regarded, it is equally bad; for it is the office of a pleading to state facts, and for the court to construe them. 1 Chitty's Pl. 644; Stephens' Pl. 410.

But if the plea is no defence, the demurrer to the replication should have been carried back and sustained to the plea; and this compels us to determine whether the contracts stated in the counts are within the statute. *Myers and Bellinger* v. *Morse*, 15 John. 426.

The statute provides, that "no action shall be brought whereby to charge the defendant upon any special promise to answer for the debt, default, or miscarriage of another person, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writ-

ing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized." Chapter 44, R. S.

This act is entitled "An act for the prevention of frauds and perjuries," and was adopted to give greater security to property; to guard against false contracts, set on foot by fraud and supported by perjury. It originated in England in the reign of Charles the Second; has been adopted generally in the United States; and its wisdom is universally acknowledged. Departures from the letter and spirit of this statute, both in England and the United States, are not unfrequent in the reported cases; and such departures, or rather established exceptions, have on other occasions been followed as precedents, with expressions of regret that they exist, and of doubt of their policy.

The statute is an iron rule found necessary to the protection of property, requiring more certain evidence of this kind of con tract than in other cases, and like all general rules, is occasionally hard in its operation, yet, while it is the plain law of the land, it is the duty of the courts to enforce its provisions. The promise stated in the first count in this case, is, to pay to Wells the debt of Lyle existing at the time of making the promise; the consideration of the promise is stated to be the procuring by Wells, from Lyle, a written order on Hite to pay the debt.

The promise is to answer for the debt of another, and is, therefore, within the statute. But it is insisted that the undertaking of Wells to procure the order, and the procuring the same, constituted a new consideration, and that upon this is based an original and independent contract. The plain answer to this position is, that the statute requires the *promise* to be in writing, and the common law makes a consideration necessary to the legal obligation of the promise.

Though Hite had promised in writing, a consideration would have been necessary to sustain the promise. No promise or agreement, except under seal, (which imports a consideration,) not founded upon a consideration good in law, can be enforced. The promise stated in the second count is: that Hite would pay Wells what at the time of making the promise was due him, and what should become due him from Lyle, for his services performed for Lyle; and the consideration stated for this promise is: that Wells would go on and continue to work for Lyle. In this count, as well as in the first count, it is the debt of Lyle, though not wholly accrued, which Hite promised to pay; and the remarks in relation to the consideration of the promise stated in the first count apply equally to this.

But, it is insisted that Wells may recover at least for work done for Lyle *after* the making of the promise of Hite. To this

position we . reply, that the promise alleged is to pay the debt due and to become due from Lyle, for which Lyle is answerable to Wells, and is wholly dependant upon, and collateral to, such debt and liability.

We understand both counts as based upon the debt and liability of Lyle, and not upon an original promise from Hite to Wells, founded upon a consideration moving from the promisor to the promisee; and such is the fair construction of the counts, taking the allegations in them most strongly against the pleader. We hold the promises as stated in both counts, within the statute, and the plea, therefore, a good answer to them. *Scott* v. *Thomas,* 1 Scam. 58; Roberts on Frauds, Chap. 3, Part 6; *Nelson* v. *Boynton,* 3 Metcalf 396; *Curtis* v. *Brown et al.,* 5 Cushing 488; *Farley* v. *Cleveland,* 4 Cowen 432; *Elder* v. *Warfield,* 7 Harris & John. 391; 2 Parsons on Cont. 300; and Story on Cont., Sec. 861.

It is not denied that parties may make valid contracts, though not in writing, to pay the debts of another, or to pay for services rendered for another.

In such case the plaintiff must declare upon the new or original contract; it must be founded upon a new and independent or original consideration of benefit to the defendant or harm to the plaintiff moving to the party making the promise, either from the plaintiff or some other person; and the debt or liability of the original debtor must not be the moving cause, or the consideration of the promise, nor the promise incidental and collateral to the debt or liability of such original or principal debtor.

The statute cannot be avoided by the mere show or form of an independent contract. It is the substance and force of the contract to which courts will look in determining whether the contract is an original one, or incidental and collateral to the debt or liability of another.

If Hite was indebted to Lyle, or had funds of Lyle in his hands, and upon the faith of the same promised Lyle to pay or accept an order, to be drawn by Lyle on Hite, in favor of Wells, in such case, we do not doubt Hite would be bound to pay the order obtained upon the faith of such promise, although the promise was not in writing.

Judgment reversed and cause remanded.

*Judgment reversed.*