OSBORNE VS. THE FARMERS' LOAN AND TRUST COMPANY.

An oral promise by the defendant to pay the plaintiff a debt due him from a Railroad Company, if he would procure the passage of a resolution by said company requesting such payment, not being founded upon any new consideration of benefit to the promisor, is void by the Statute of Frauds.

Whether the procurement of the passage of such a resolution would be a sufficient consideration to support the alleged promise, if the same were in writing subscribed by the promisor and expressing the consideration, is not here determined.

ERROR to the Circuit Court for *Racine* County.

In May, 1859, the Racine & Mississippi Railroad Company, by deed, surrendered possession of its road with fixtures, equipments, rolling stock, franchises, &c., to the *Farmers' Loan & Trust Company*, in trust for certain purposes, in accordance with the terms of certain mortgages upon the road held by the *Trust Company* to secure the payment of moneys due and unpaid. The complaint in this action avers that in October and December, 1857, and January 1859, said railroad company executed to the plaintiff several promissory notes, to the ag-

gregate amount of about $5,000; that in March, 1860, on a settlement with said railroad company, it was found indebted to the plaintiff, on book account in the further sum of $1,190; that in August 1859, the defendant promised the plaintiff to pay him "all the sums of money and claims" above stated "in consideration that the plaintiff would procure the passage of a resolution by the board of directors of said railway company, recommending and instructing the defendant" to make such payment; "that in pursuance of said agreement the plaintiff expended much time labor and expense in procuring the passage" of such a resolution by said board; and that after the resolution was passed the defendant refused to pay, &c. The defendant answered denying that it had promised to pay the plaintiff, &c.

On the trial, the plaintiff read in evidence the deed of surrender from the railroad company to the defendant (which will be found in 13 Wis., on pp. 114–117.) It was admitted by the defendant that the property described in said deed, had been in its possession since the 10th of May, 1859, and that at the time of the promise alleged in the complaint to have been made by the defendant to the plaintiff, the former had received of the revenues arising from the road, over and above current operating expenses, an amount equal to the alleged indebtedness of the railroad company to the plaintiff. The plaintiff then offered to prove by a witness the promise alleged in the complaint, and to follow such proof by evidence of each and every allegation of said complaint; but the court ruled out the testimony on the ground that such promise was void by the Statute of Frauds unless made in writing, expressing the consideration. Verdict and judgment for the defendant.

*Mat. H. Carpenter* and *P. B. Ladd*, for appellant:

1. The consideration of the defendant's promise was sufficient. Chitty on Con., 32; *Sturlyn vs. Albany*, Cro. Eliz., 67. The plaintiff claimed that the defendant was bound by the deed of surrender to pay the debt. The procurement of the resolution

requesting the defendant to pay, would save a suit between the plaintiff and defendant, and a suit between the defendant and the railroad company; for it would compel the latter to credit such payment in settlement with the defendant, even though the latter were not bound to make it by the deed of surrender. Again, it was a benefit to the defendant to have the railroad company, by such resolution, recognize the legal possession of the road by the defendant. And it might be of benefit to the defendant that the railroad company should thus construe the deed of surrender; such construction might, by way of estoppel, justify other similar payments before made by the defendant. In *Hubbard vs. Coolidge*, 1 Met. 84, it was held that promising the defendant's discharge from a mere possible liability was a good consideration. It is enough that the act *might* be of benefit to the defendant. Chitty on Con., 31; 2 Carr. & Marsh., 623; Am. Jur., April, 1859, p. 269; 5 Pick., 384; 5 Ohio, 471. 2. The promise is not within the Statute of Frauds. *Tomlinson v. Gill*, Amb., 330; *Brockenham v. Thacker*, 2 Vent., 74; *Nelson v. Boynton*, 3 Met., 399 and 402. The following authorities justify the broad assertion, that if the promise to pay the amount due from a third person to the plaintiff is absolute, and founded on a valid consideration, subsequent to and independent of that of the original promise, the statute does not apply : 8 Johns., 29; 30 Vt., 641; 3 Dutch, (N. J.,) 371; 29 Me., 219; 8 Iredell, 114; 14 N. H., 157; 4 Jones' Law, 337; 1 Gray, 391; Hill & Denio, 251; see also, 1 Wis., 103.

*Strong & Fuller*, for respondent :

The pretended promise of the defendant is within the statute of Frauds, because there was no consideration of benefit to the defendant, and the claim against the railroad company remains in full force. *Mallory v. Gillett*, 23 Barb., 610; 21 N. Y., 413; *Nelson v. Boynton*, 3 Met., 396. The contract being strictly within the letter of the statute, if there were any facts which would show that it was without the statute, they

should have been stated in the complaint. In this case, the fact that the defendant had any object of his own to promote, does not appear either from the complaint or from the proof which the plaintiff had made or offered to make; and it cannot now be established by inference or argument.

*By the Court*, COLE, J.: It is quite clear to our minds that the appellant seeks to recover in this action, solely upon the strength of the promise made by the respondent to pay the debts which the railroad company owed him. We do not understand that he relies on the deed of surrender which appears in the case, or claims that there is anything in it which obliges the respondent to pay these debts. But he sets forth his cause of action to be, in substance, that the railroad company owed him the various sums of money stated in the complaint, and that the respondent—who had taken possession of the railroad, under the deed of surrender and mortgage, promised and agreed with him to pay him these sums of money, providing and in consideration that he would procure the passage of a resolution by the directors of the railroad company, recommending and instructing the respondent to pay him; and that, in pursuance of such agreement and promise, and at much labor and expense to himself, he did procure the passage of a resolution by the board of directors of the railroad company, recommending and instructing the respondent to pay these claims, whereby it became liable for and bound to pay them. This appears to be a brief statement of the cause of action. On the trial, the appellant offered to prove, by a witness, the promise as alleged in his complaint; but the testimony was objected to and ruled out, on the ground and for the reason that the promise was void, unless it was in writing, with the consideration expressed. The correctness of this ruling is the only matter we have to consider. Was, then, the promise of the respondent to pay the debts which the railroad company owed the appellant, one required to be in writing,

with the consideration expressed, in order to be valid and binding? A bare statement of the question would seem to be sufficient. It is undoubtedly a promise by the respondent to pay an existing indebtedness of the railroad company. This is all there is of it. Such a promise, the statute says, shall be void, unless it is in writing, signed by the promissor, with the consideration expressed. Section 2, sub-division 2, chap. 107, R. S.

It is insisted that the promise is " original," founded upon a sufficient new consideration, resulting to the respondent, and is, therefore, not within the statute. This position we consider untenable. It is far from my purpose to go into·a discussion of the question as to what promises are deemed " original," and what " collateral," under the statute of frauds. COMSTOCK, CH. J., in *Mallory v. Gillett*, 21 N. Y., 412, has gone into a discussion of that subject, and shown most clearly that these terms have not always been accurately employed, and that the word " original " has been sometimes used to characterize any new promise to pay an antecedent debt of another person. And it seems to me that the promise of the respondent to pay the debts of the railroad company can only be termed " original " in this sense. It is simply a promise to answer for the debts of the railroad company, without any consideration moving to the respondent. In *Nelson v. Boynton*, 3 Met., 396, Chief Justice SHAW says, that the rule to be derived from the decisions is, that cases are not considered as coming within the statute, where the party promising has for his object a benefit which he did not enjoy before, accruing immediately to himself; but where the object of the promise is to obtain the release of the person or the property of the debtor, or other forbearance or benefit to him, it is within the statute. This rule is approved by the court in *Mallory v. Gillett*, and appears to be sound and rational.

Applying this rule to this case, the appellant must fail. There is nothing to show that the consideration of this promise

was beneficial to the respondent. The consideration was merely that the appellant would procure the passage of a resolution by the board of directors of the railroad company, recommending and instructing the respondent to pay these debts. If this promise, founded upon such a consideration, is valid, we are unable to see why, in any case, if a person should promise to pay the debt of another, providing the creditor should procure the debtor's request to that effect, he would not be liable. We think such a doctrine would be dangerous, and lead to all the mischief the statute was intended to guard against and prevent. The passage of such a resolution by the board of directors might have been a sufficient consideration to sustain a promise to pay the debts of the railroad company, providing the promise and consideration had been in writing, as the statute requires. At all events, conceding that the consideration was sufficient, does not help the appellant's case. See *Hite v. Wells*, 17 Ill., 88, for a strictly analogous case; also, *Cross v. Richardson*, 30 Vermont, 642. There is always some consideration in every collateral promise. But, to bind one for the debt or default of another, there must be a promise on a good consideration, and it must be evidenced in writing. It is not enough that a sufficient legal consideration is proved, if the object of the promise is the payment of the debt of another, for his account, and not with a view to any benefit to the promisor. *Nelson v. Boynton, supra; Emerick v. Sanders*, 1 Wis., 77.

The object here is the payment of the debts of the railroad company. The respondent was not benefited by the passage of the resolution by the directors, as we can see. It is claimed that it might be beneficial to the respondent because it would be a recognition by the directors of its right to the possession of the road. But the respondent had already acquired this possession by the deed of surrender. The suggestion that the resolution could possibly benefit the respondent in any manner must be disregarded. It amounts to nothing more than a promise to pay the debt of a third person on condition that the

creditor obtains the request of such third person that the promisor pay his debt. It appears to us that this is all there is of the matter. Such a promise, to be binding, should be in writing, by the terms of the statute.

The judgment of the circuit court is affirmed.