## James T. McCasland
## v.
## John Doorley.

*Statute of Frauds—Debt of Another.*

In an action to recover for labor and material in connection with the erection of certain houses, the fact being that the contractor built them upon land of a third person to whom he subsequently turned them over, the latter agreeing to pay the indebtedness outstanding against them, this court holds that such agreement was in the nature of an original undertaking, was not required to be in writing, and was not therefore void under the provisions of the statute of frauds.

[Opinion filed June 26, 1893.]

Appeal from the City Court of East St. Louis, Illinois; the Hon. B. H. Canby, Judge, presiding.

Mr. John W. Bartholomew, for appellant.

Messrs. E. R. Davis and A. Flannigan, for appellee.

MR. JUSTICE GREEN. This was a suit in assumpsit commenced by appellee against appellant to recover for plastering certain houses. It was tried in the City Court of East St. Louis on appeal from justice's court, and plaintiff recovered a judgment for $125 and costs. From this judgment defendant appealed and brings the record to this court for review. It is undisputed that McCasland, the appellant, owned the lots in East St. Louis, upon which, with his knowledge and consent, one Brockett erected three houses, and contracted with various parties for labor, lumber and other materials used in constructing the same. Among others, he contracted with appellee for the plastering of the houses for a stipulated price. The evidence shows appellee did the work; that a balance of $125 was due him therefor, and was unpaid when he commenced this suit; that before this suit was commenced, and after said houses were constructed, appellant entered into possession thereof, took and received to his own use, rent therefor, claiming to own the same; that he does own said houses and lots, and has accepted and received the benefit and advantage of the increased value given to his property by the erection of these houses; that afterward parties furnishing material and labor under their contracts with Brockett were about to enforce their liens for the amounts due them, and in fact the firm which furnished lumber had commenced proceedings to that end, when, in order to stop such suits and relieve the property from such liens, appellant paid said lumber bill in full, and paid other of said parties, and if Mr. Bartholomew was his agent, a fact the jury were warranted by the evidence in finding, and if the jury believed appellee's testimony, appellant also, by such agent, paid appellee part of the debt due him and promised to pay him the balance; furthermore, an examination of the record satisfies us the jury were warranted by direct testimony, by the acts and declarations of appellant and his agent, and other facts and circumstances proven, in finding that appellant, in consideration of Brockett's release of all right and interest in the property, and delivering the possession of said houses to appellant, agreed with and promised Brockett to pay all the indebtedness owed

by the latter for material and labor bestowed in the construction thereof, and entered into possession.

It is urged on behalf of appellant that no such promise and agreement was established by the proof, and if any promise to pay appellee's debt was made by appellant, it was not in writing, and being made after the work was all done, was void, under the statute of frauds. We have already given our view of the facts established by the proof, and hold the jury were justified in finding that the appellant, for a good and valuable consideration, moving from Brockett, promised the latter to pay his creditors all the debts he owed them for labor and material furnished in the construction of the houses. This promise, as we understand the law, was not void, although made after the work was done and not in writing. It appears Brockett, who was a builder, met appellant and wanted to buy lots of him, to erect some houses upon, and appellant told him he had property for sale, and showed it to Brockett, who selected the lots on which the three houses were built, and told appellant he wanted to buy them. Appellant agreed to sell him the lots at a price stated, and says he partly agreed to take a second mortgage to secure the payment. Thereupon Brockett, with the knowledge and consent of appellant, entered into possession of the lots and erected the buildings.

The relinquishment by Brockett to appellant, of this possession, and of all his rights as purchaser, in and to the property, constituted, as we hold, a good consideration for the promise to Brockett by appellant, to pay his indebtedness, which included the debt due appellee.

It was a promise in the nature of an original undertaking, to pay a debt to a third party, and was not required to be in writing, and was not void under the provisions of the statute of frauds. Eddy v. Roberts, 17 Ill. 508; Corbin v. McChesney, 26 Ill. 232; Runde v. Runde, 59 Ill. 98; Wilson v. Bevans, 58 Ill. 232; Scott v. White, 71 Ill. 287; Meyer v. Hartman, 72 Ill. 442; Walden v. Karr, 88 Ill. 49–51.

In any view we can take of this case, the recovery was right, and the judgment is therefore affirmed.

*Judgment affirmed.*