## E. C. Tremayne, Defendant in Error, v. The McCaskey Register Company Plaintiff in Error.

### Gen. No. 18,302.

STATUTE OF FRAUDS—*when oral promise to save lessee harmless for rent not within.* Where defendant company asks plaintiff to work for it and orally promises to save him harmless for any liability for rent under a lease after he vacates the premises and commences his employment, such oral promise is not within the statute of frauds since it is based upon a new consideration passing between the parties.

Error to the Municipal Court of Chicago; the HON. RUFUS F. ROBIN-SON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed June 12, 1913.

SUMNER C. PALMER, for plaintiff in error.

HARVEY E. WYNEKOOP and THEO. C. ROBINSON, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

We are asked to reverse a judgment against The McCaskey Register Company, hereinafter called defendant, obtained by E. C. Tremayne, hereinafter called plaintiff, upon a trial without a jury in the Municipal Court.

By his amended statement of claim the plaintiff alleges that in October, 1910, he was approached by

the defendant, who endeavored to obtain the services of the plaintiff; that at the time the plaintiff was the lessee of offices at 17 Wabash avenue, and was obligated to pay therefor the sum of $110 per month; that as a part of the consideration for which the plaintiff agreed to enter into the employment of the defendant Company, it was thereupon agreed orally by the defendant Company that it would save and keep harmless the said paintiff from any and all liability on his said lease; that by reason of said agreement between the plaintiff and defendant, the plaintiff vacated the said offices on November 1, 1910, and they remained vacant until about May 1, 1911, at which time the landlord succeeded in re-renting the said premises at an advanced rental of $15 per month, which was allowed as a credit to the plaintiff, so that the rental for which plaintiff was liable, after the agreement with defendant, was $480.

By the affidavit of merits the defendant admitted the employment of plaintiff, but denied that any promise was made to save him harmless from any liability on said lease, and further alleged that no such promise was made in writing, and therefore any oral promise of the kind claimed was void because contrary to the statute of frauds.

It would serve no useful purpose to narrate or discuss the testimony introduced by the parties, but from a careful consideration of the same we have reached the conclusion that the trial court properly held, in effect, that the testimony showed that plaintiff was approached by the defendant Company, through its authorized agent, with a proposition that plaintiff should work for the defendant for a consideration which included the promise by it to compensate the plaintiff for any rent which he might be liable for under his lease after he had vacated the premises then occupied by him and commenced his employment under the defendant Company, and furthermore

that plaintiff accepted this proposition and entered into the employ of the defendant under such an agreement.

It is argued that such a promise made orally is within the statute of frauds, which requires the promise to pay the debt of another to be in writing. We do not think that this agreement comes within the statute. A verbal promise by a third party to a debtor to pay such debtor's indebtedness, which promise is based upon a new consideration passing between such debtor and such promisor, is not within the statute of frauds. *Eddy v. Roberts,* 17 Ill. 505; *Waterman v. Resseter,* 45 Ill. App. 155; *Hite v. Wells,* 17 Ill. 88; *McCasland v. Doorley,* 47 Ill. App. 513; *Rabbermann v. Wiskamp,* 54 Ill. 179.

The promise to save plaintiff harmless for any liability for rent under his lease was, in effect, a promise to pay him as part of the compensation for his services whatever amount plaintiff might have to pay under his lease. It was an original promise from the defendant to the plaintiff, made for a good consideration, and was valid although a verbal contract.

We do not deem it necessary to discuss other points suggested. We are of the opinion that the judgment of the trial court was right, and it will be affirmed.

*Affirmed.*