BREED *against* HILLHOUSE.                    *New-London,*
*July, 1829.*

Where the plaintiff, in an action 'against *B.*, on his guaranty of *A.'s* note, averred in the declaration, that " in consideration *the plaintiff would delay the collection of said note,* and not exact payment thereof, for four years thereafter, and of *the plaintiff's promise of forbearance* to collect the same for that time," the defendant promised, &c.; it was held, that this was a sufficient allegation of consideration for the defendant's engagement, and adapted to proof of an agreement on the part of the plaintiff to forbear.

Where the payee of a promissory note, after it became due, accepted the guaranty of a third person, for a certain period, and actually forbore suit during that period; it was held, that these facts afforded *prima facie* evidence of an agreement by the plaintiff to forbear suit.

If, after the dishonour of a note, the indorser promise to pay it, such promise is presumptive evidence of due demand and notice.

And this rule is applicable to the case of a third person, who has guarantied the payment of the note.

Where a third person guarantied the payment of a note, by an indorsement, in these words—" I hereby guaranty the payment of this note, within four years from this date ;"—it was held, that this was an absolute engagement on the part of the guarantor, that the note should be paid within the time specified, by the maker or by himself; and that demand and notice were not necessary.

THIS was an action of *assumpsit* against *Samuel Hillhouse,* on his guaranty of a promissory note, made by *Nathaniel Hillhouse,* for 122 dollars, 19 cents, dated the 15th of *March* 1822, payable to the plaintiff, or order, on demand, with interest. The declaration contained several counts, stating the case with some variations, on which no question arose. The promise of the defendant, and the consideration on which it was founded, were thus stated : "That on the 1st of *March* 1823, said note being then due and unpaid, in consideration that the plaintiff would wait and delay the collection of said note, and not exact payment thereof, for four years thereafter, and of the plaintiff's promise of forbearance to collect the same for that time, the defendant, in and by a certain writing or indorsement on the back of said note, promised and guarantied the payment of said note in four years from said 1st day of *March,* 1823 ; which said indorsement was and is in the words and figures following, *viz.* "*Norwich,* 1st of *March* 1823. I hereby guaranty the payment of this note within four years from this date. *Samuel Hillhouse.*" The declaration then averred, " that the plaintiff did wait and delay the collection of said note, and did not exact payment thereof, for four years after the date of said indorsement."

The cause was tried, on the general issue, at *Norwich, January* term, 1829, before *Hosmer,* Ch. J.

The making and non-payment of the note, and the guaranty of the defendant, as stated in the declaration, were admitted. To shew that the plaintiff agreed, in consideration of the guaranty, to forbear the collection of the note, the plaintiff relied on his acceptance of the guaranty, and on his actual forbearance for the stipulated time,—these facts not being disputed. No direct testimony of a demand on the maker of the note for the money due on it at the expiration of the guaranty, or of notice thereof to the defendant and a demand of him, was given ; but it was proved, that in *July* 1827, an agent of the plaintiff requested payment of the defendant ; and that the defendant, in reply, promised, that in the course of the then next week, he would get the money and pay the note. The defendant made two objections to the plaintiff's recovery :— first, that there was no consideration for the guaranty moving from the plaintiff, and that the plaintiff's declaration was not adapted to the admission of any proof of consideration ; secondly, that there was no proof of demand and notice. The Chief Justice instructed the jury, 1. that proof of consideration was necessary, but that the plaintiff's receiving the guaranty, and his actual forbearance consequent thereon, for the stipulated time, was *prima facie*, and being unrepelled, sufficient proof of consideration ; and that the plaintiff's declaration was well adapted to such proof ; 2. that the promise of the defendant, in *July* 1827, to pay the note, was presumptive evidence, that it had been duly presented to the maker for payment, that it had been dishonoured, and that due notice thereof had been given to the defendant.

The jury returned a verdict for the plaintiff ; and the defendant moved for a new trial.

*Hill* and *Mc Curdy*, in support of the motion, contended, 1. That there was no evidence of the consideration alleged, proper to go to the jury. First, the plaintiff's acceptance of a guaranty, afforded no presumption of an agreement made by him to forbear suit. Presumptive evidence is founded on the connexion, which experience has shewn to exist, between a given fact or series of facts, and the fact to be inferred. 1 *Stark. Ev.* 478. 3 *Stark. Ev.* 1234. & seq. Now, there is no necessary or usual connexion between a man's accepting a

*New-London,*
July, 1829.

Breed
*v.*
Hillhouse.

guaranty and promising to forbear suit.    A guaranty is not distinguishable, in this respect, from any other security.    Does a man's taking a *mortgage*, prove an agreement, on his part, not to collect the debt ?    A debtor may have sufficient inducements to give security, without such agreement.    He might naturally *expect more favour*, because it would remove one object of a suit, *viz.* to obtain security ; and is not this sufficient to account for the fact ?    If so, it neither proves, nor tends to prove, any thing more.

But admit, that the taking of a guaranty, by the creditor, furnishes a presumption that he agreed to give the debtor a further day of payment, does it prove, or raise a presumption, that he agreed to wait *four years ?*    This is the fact, which the plaintiff has alleged in his declaration, and which he is bound to prove.    The law holds a party to strict proof of the consideration of a special agreement.    He must prove it precisely as he has stated it.

Secondly, the plaintiff's not suing, is no evidence of an agreement not to sue.    If it were, then the omission of a man to put all his notes and book accounts in suit, would be evidence of an agreement not to sue.    Common sense revolts at such an idea.    All experience is opposed to it.    The reason why the plaintiff did not sue, was not because he had *agreed* not to sue, but because he had got security, and he therefore suffered the debt to lie.    This is an entirely satisfactory explanation of the transaction, conformable to every day's experience.    It is, therefore, unphilosophical and unlawyerlike to go in search of any other reason.

Thirdly, the plaintiff's receiving the guaranty and his forbearance to sue, *united*, raise no presumption of an agreement. It is obvious, that if each of these facts, separately, is susceptible of a natural and satisfactory explanation, without resorting to the more remote and less probable supposition of an agreement, the combining of these facts will have no effect. Indeed, the charge seems to consider these facts as consecutive, rather than as combined.    There is, first, the guaranty ; then, the forbearance *consequent thereon ;* and from these premises the conclusion is deduced, that the plaintiff *agreed* to forbear.    This is a palpable *non-sequitur.*

2. That the promise of the defendant to pay the note, made after the expiration of the time limited in the guaranty, afforded no presumptive evidence that demand and notice had been

*New-London,*
*July, 1829.*

*Breed*
*v.*
*Hillhouse.*

regularly made and given ; as it did not appear, that he had any knowledge of the plaintiff's laches.   A subsequent promise of the indorser is binding only on the ground of its being a waiver of demand and notice ; and to constitute a waiver, it is indispensable that the indorser was apprised of the want of due diligence.   1 *Swift's Dig.* 432.  *Chitt. Bills* 163.   He waives his right to demand and notice only when, with a full knowledge of all the facts, he voluntarily promises to pay. And it is incumbent on the plaintiff to show affirmatively and clearly, that the indorser had such knowledge, at the time he made the promise.   His knowledge cannot be inferred from his promise.   *Trimble* v. *Thorne,* 16 *Johns. Rep.* 152. 154.

Further, it may well be doubted, whether if the promise was made by the defendant, with full knowledge of all the facts, and that shewn to the court, it would bind him in this case.   It is certain, that the cases in which the doctrine of waiver has been recognized, are all cases of regular indorsements of negotiable paper.   The court now, for the first time, is called upon to apply that doctrine to a special contract of a very different description.

On any other ground than that of waiver, the promise of the defendant is manifestly insufficient to support a recovery by the plaintiff ; first, because being made after the defendant was discharged from his liability, it was without consideration ; and secondly, because being to pay the debt of another person, and not in writing, it was within the statute of frauds and perjuries. *Huntington* v. *Harvey,* 4 *Conn. Rep.* 125.

*H. Strong* and *J. W. Huntington,* contra, insisted, 1. That the principle of presumptive evidence laid down by *Starkie,* was applicable to this case ; and the facts submitted to the jury were proper for their consideration.   The note had become due ; and the plaintiff had a right to call for his money. Does not the fact of his then taking a guaranty of the debt from a third person for four years, in connexion with the further fact that he did forbear suit for that period, according to the common experience of mankind, incline the mind to believe, that he had *consented* or *agreed* to give such forbearance ?   If so, it vindicates the charge on this point.

2. That the undertaking of the defendant, in this case, was *absolute,* and demand and notice, therefore, were unnecessary. The term *guaranty* has a definite meaning, well established ;

which is, that either the principal or the guarantor shall, unconditionally, pay the debt, when due. *Allen* v. *Rightmere,* 12 *Johns. Rep.* 365. *Upham* v. *Prince,* 12 *Mass. Rep.* 14.

3. That whether the term *guaranty* import an absolute or conditional undertaking, the responsibility of the defendant is not that, and that merely, of a regular indorser of negotiable paper ; and consequently, the demand and notice requisite in such case, are not necessary here. The plaintiff, under this special agreement, could not be required to exercise stricter diligence than the indorsee of a note not negotiable ; but it is well settled, that in such case, the demand and notice of the law merchant, are not requisite. *Bradley* v. *Phelps,* 2 *Root* 325. *Phelps* v. *Blood,* 2 *Root,* 518. *Sheldon* v. *Ackley,* 4 *Day,* 458. *Huntington* v. *Harvey,* 4 *Conn. Rep.* 124. *Welton* v. *Scott,* 4 *Conn. Rep.* 527. *Prentiss* v. *Danielson,* 5 *Conn. Rep.* 175.

4. That if demand and notice were necessary in this case, the subsequent promise of the defendant was presumptive evidence that he had waived them. *Lundie* v. *Robertson,* 7 *East,* 331. *Gibbon* v. *Coggon,* 2 *Campb.* 188. *Hopkins* v. *Liswell,* 12 *Mass. Rep.* 52. *Stevens* v. *Lynch,* 12 *East,* 38. *Hopes* v. *Alder,* 6 *East,* 16. n.

5. That at any rate, the promise of the defendant is an acknowledgment on his part, that every thing requisite had been done, and consequently, the court will not set aside the verdict.

*Hill,* in reply, referred to *Sage* v. *Wilcox,* 6 *Conn. Rep.* 81 to shew, that the guaranty of a note imports a conditional engagement, requiring demand and notice.

HOSMER, Ch. J. Although an agreement to forbear is not specifically averred, otherwise than by the allegation that the plaintiff accepted the guaranty and actually forbore, yet under this declaration such agreement is provable. This mode of declaring is sanctioned by *Wentworth, Chitty* and almost all the approved writers on pleading ; (2 *Chitt. Plead.* 83.) and an averment of an agreement to forbear, has ever been considered as necessarily implied from the above allegations. In *Lent* & al. v. *Paddleford,* 10 *Mass. Rep.* 230. the above point was explicitly made and decided.

*New-London, July, 1829.*

*Breed v. Hillhouse.*

*New-London,*
July, 1829.
————
Breed
*v.*
Hillhouse.

The agreement in question to forbear, was clearly proved, on a principle of probable presumption, which harmonizes with common sense and is conformed to experience ; and both reason and experience bear concurrent testimony to the infer- ence of a consideration in this case. The acceptance of the indorsed guaranty, by the plaintiff, and his consequent forbear- ance, prove the agreement in question, and are incompatible with any other supposition.

In respect of the demand and notice, the defendant's promise to pay the note is sufficient evidence of these facts ; and stands good until the contrary is made to appear. *Lundie* v. *Robert- son,* 7 *East* 231. *Gibbon* v. *Coggon,* 2 *Campb.* 188. *Wood* v. *Brown,* 1 *Stark. Rep.* 217. *Pierson* v. *Hooker,* 3 *Johns. Rep.* 68. *Hopkins* v. *Liswell,* 12 *Mass. Rep.* 52. *Greenway* & al. v. *Hindley,* 4 *Campb.* 52. The case of *Trimble* v. *Thorne,* 16 *Johns. Rep.* 152. is opposed to these decisions ; but so far as my knowledge extends, it stands alone and unsupported. It is a presumption of reason, sustained by the common expe- rience of mankind, that "a man will not pay a debt which is not due, nor acknowledge the existence of a debt, to which he is not liable." 3 *Stark. Ev.* 1253.

Besides, if a party entitled to notice, has knowledge of the want of due diligence, on the part of the holder of a note or bill, and promises to pay the debt, this is a waiver of the want of notice. *Goodall* & al. v. *Dolley,* 1 *Term Rep.* 712. *Hopes* v. *Alder,* 6 *East,* 16 n. *Lundie* v. *Robertson,* 7 *East* 231. *Borradaile* & al. v. *Lowe,* 4 *Taun.* 93. *Stevens* v. *Lynch,* 2 *Campb.* 332. *Miller* v. *Hack,* 5 *Johns. Rep.* 375. *Martin* v. *Winslow,* 2 *Mason* 241. *Thornton* v. *Wynn,* 12 *Wheat.* 183. *Fotheringham* v. *Price's* Exrs. 1 *Bay* 288. 291. *Chitt. Bills* 301—309. Now, if there was a want of due notice, the de- fendant knew it ; for he was the person to be notified.

After all, the above questions, in this case, are merely spec- ulative. The defendant's guaranty was absolute, that the note should be paid within four years, by the maker, or that he would pay it himself ; and demand and notice were not neces- sary in this, any more than in all other cases of absolute and unconditional engagements. The indebtedness of the defend- ant arose on the non-payment of the note ; and at this time, he became legally liable to pay it. *Mason* v. *Pritchard,* 12 *East* 227. *Campbell* v. *Butler,* 14 *Johns. Rep.* 349. *Allen* v.

*Rightmere,* 20 *Johns. Rep.* 365. *Upham* v. *Prince,* 12 *Mass.* New-London, *Rep.* 14.　The result is, that a new trial is not by me advised.

<div style="text-align:right">

New-London,
July, 1829.

Breed
*v.*
Hillhouse.

</div>

The other Judges were of the same opinion.

<div style="text-align:center">

New trial not to be granted.