Bigelow, J.
It is very clear that the plaintiff could not recover against the defendant on the first count charging him as an original promisor, because the evidence proved that the defendant’s name was not put on the back of the note until several weeks after the note was given. Union Bank of Weymouth and Braintree v. Willis, 8 Met. 504; Benthall v. Judkins, 13 Met. 265.
As the defendant did not partake in the original consideration of the note by becoming a party to it, at its inception, the plaintiff was bound to show a valid consideration for the undertaking of the defendant. For this purpose he relied on his three last counts, and offered evidence tending to show a forbearance to sue John E. Stanley, the original promisor. But it did not appear that there was any agreement to give time to the original promisor. On the contrary, his liability to pay the note on demand remained unchanged. The only consideration therefore for the defendant’s promise was the preexisting debt of John E. Stanley, with which the defendant had no concern. But a mere forbearance to sue, without any promise or agreement to that effect, by the holder of a note, forms no sufficient consideration for a guaranty. It is a mere omission on the part of the creditor to exercise his legal right, to which he is not bound *88 by any promise, and which right he may at any moment and at his own pleasure enforce. There being in this case no agreement to forbear to sue, the creditor was not hindered or delayed. He could have brought his suit against the promisor at any time, so that he sustained no injury or inconvenience sufficient to constitute a consideration for the promise; and, on the other hand, the original debtor received no benefit or advantage whatever, because he was liable to be sued at any moment, and so the consideration fails as to him. There was no damage to the creditor or benefit to the debtor upon which the consideration of a promise can rest. It is not therefore true, as a proposition of law, that forbearance to sue a third person is, of itself, a sufficient consideration for a promise; and the court would have erred, if they had complied with the plaintiff’s request, and given any such instruction to the jury. To constitute a forbearance to sue a third person a good consideration, for a promise by a stranger to the original consideration, it must have been in pursuance of an agreement to forbear. In such a case, the injury to the promisee and the benefit to the debtor both concur in malting' the consideration valid. It is undoubtedly true, that an actual forbearance to sue may often, in connexion with other facts, be evidence of an agreement to forbear, and, as such, form a good consideration for a promise. Walker v. Sherman, 11 Met. 170; Breed v. Hillhouse, 7 Conn. 523. But this is a very different proposition from that contended for by the plaintiff, that forbearance of itself, without any promise, is a good consideration. Byles on Bills, 90, note; Crofts v. Beale, 11 C. B. 172.
The exception, founded on the remark of the judge, as to the insufficiency of the evidence to prove an agreement on the part of the plaintiff to forbear to sue the original promisor, cannot be sustained. The question, whether there was such an agreement, was left by the court to the jury, who returned a verdict for the defendant; and although there may have been, upon the facts reported, sufficient evidence from which the jury might well have inferred such agreement to forbear, still the remark of the judge, being only a comment on evidence, *89 forms no valid ground of exception. Davis v. Jemey, 1 Met. 221; Mansfield v. Corbin, 4 Cush. 213. The remedy of the plaintiff, for any error in this respect, was by a motion for a new trial. Exceptions overruled.