### JAMES BOYD *vs.* LYMAN B. FREIZE.

Forbearance to sue a debt due and payable, upon receiving a personal promise of payment from the assignee *in pais* of the debtor, is evidence from which a jury may infer an agreement to forbear, which is a good consideration for the promise.

SHAW, C. J. This is an action by the plaintiff as drawer, against the defendant as acceptor, of three bills of exchange, each payable at a future day, and amounting in all to about $2,000. The ground of defence relied on was, that the drafts

were accepted by the defendant for the accommodation of the plaintiff, and, as between them, there was no legal consideration. The first of these points of defence was negatived by the jury ; and it is submitted to the court to say whether, upon the evidence reported, the jury were warranted in finding that there was sufficient consideration to sustain a verdict for the plaintiff.

By the evidence it appears that the defendant, in Rhode Island, was the assignee of Charles T. James, under an assignment *in pais,* in trust to pay certain classes of the creditors of James, in an order of priority designated ; that a large amount of real and personal property came into the hands of the defendant under said assignment; and that the plaintiff was a creditor of James, holding three acceptances of his, of $1,000 each. It appears that the defendant had given no security for the performance of the duties and trusts incumbent on him as such assignee; but that, by the laws of Rhode Island, he was liable to be summoned before a judicial tribunal by any creditor, and compelled to give satisfactory security, or, in failure of doing so, to be removed from his office of assignee.

The question is, whether there appears to be any evidence of consideration for the promises made by these acceptances. A slight matter is considered a good consideration for an express promise made in the form of a promissory note or of the acceptance of a bill of exchange ; so slight indeed, that it sometimes seems to render the rule of law itself practically nugatory. Any benefit to the promisor, or loss or inconvenience incurred or sustained by the promisee, is a sufficient consideration. The postponement in obtaining one's right, the failure to receive a debt when it is due, is such loss or inconvenience. An agreement, therefore, to forego one's legal right, or forbear collecting a debt, or enforcing any other beneficial right, is a good consideration for an express promise made upon it. Such agreement may be express, or implied by law. The question, we think, has been between the mere fact of forbearance, without any promise to forbear ; and a forbearance in conformity with such express or implied agreement. In *Mecorney* v. *Stanley,* 8 Cush. 85, it was

held, that mere voluntary forbearance, where there was no prom-
ise or agreement, (which was found and returned by the jury in
that case,) was not a good consideration ; and the court further
held, that in the form in which that case came up they could
not look into the case, to see whether the jury had drawn the
right conclusion from the evidence.

But in *Wheeler* v. *Slocumb*, 16 Pick. 52, it was held, that
where a debtor was called upon for payment of a debt due, and
procured another person to give security with him, and a note
was given as collateral security, and the creditor in fact forebore
to sue his original debt, this was a good consideration for the
promise of the surety, although there was no evidence that the
creditor agreed thus to forbear.

The difference may perhaps be reconciled by the considera-
tion, that whether there was an implied agreement to forbear is
a question of fact depending on the circumstances ; and if they
are such as lead to a natural and reasonable conclusion that the
new security or other new promise was given to induce the
creditor to forbear, and he did in fact forbear, a jury may find
that there was such implied agreement or understanding, upon
which a court would hold that there was a good and legal con-
sideration to give effect to the new promise. Such were the
cases of *Walker* v. *Sherman*, 11 Met. 172; *Breed* v. *Hillhouse*
7 Conn. 523, there cited; and many others.

The result we think is, that where the holder of a debt due,
or coming due, presses for payment, and a third party pays part
in cash, and gives his own notes on time as collateral security
for the residue, and the creditor forbears to take any other
measures to enforce his claim on the original demand until the
collateral notes become due, a jury may very properly infer an
agreement on the part of the creditor thus to forbear enforcing
his original claim.

Freize, the defendant, was not the original debtor to the
plaintiff, nor personally liable on the acceptances of James, held
by the plaintiff; but he stood in such a relation, as the assignee
of all James's property held in trust—amongst other things,
to pay these debts—that he had a strong inducement, if he had

not the specific fund then in hand to pay these debts, to gain time to collect funds, and have these bills taken up and discharged; and had previously promised to pay them as soon as he could collect the assets, and did in fact pay them in part, in cash, at the time of giving these acceptances.

Besides; giving his own acceptances, under the circumstances, was not a mere suretyship. When his own notes, given as collateral, should be paid, it would operate as a payment of the plaintiff's bills under the assignment, and would stand to the credit of the defendant as assignee, against the assets in his hands.

The fact, that the plaintiff, as a creditor of James, had the power to proceed and compel the defendant to give security to a large amount to account for all the funds held as assignee of James, and his forbearance to commence any such proceeding on receiving the defendant's acceptances, may well have influenced the acts of the defendant in giving his own acceptances, in order to extinguish the plaintiff's claim; it may well have been one of the moving causes, and of course a consideration for giving such acceptances.

A very similar case is that of *Drury* v. *Fay*, 14 Pick. 326, where sureties on a guardianship bond, having become uneasy under their responsibility, had it in contemplation to get the guardian removed, when third parties gave their own promise to indemnify the sureties, and they forebore taking any measures under the statute to have the guardian removed; and it was held that this was a good consideration for such promise.

The court are of opinion, on these grounds, that, on the evidence reported, the jury would have been well warranted in finding an agreement of the plaintiff to forbear bringing suit on the acceptances, and that, in consideration of such forbearance, the defendant made the promises declared on.

*Judgment on the verdict for the plaintiff.*

C. P. Curtis & C. P. Curtis, Jr. for the defendant.

G. M Browne, for the plaintiff.