## William E. Webbe v. Romona Oolitic Stone Company.

1. CONSTRUCTION OF CONTRACTS—*Intention of the Parties—How Arrived at.*—As between the original parties to a transaction, the contract is to be gathered from all that appears upon it; the contract must be collected from the four corners of the document.

2. CONSIDERATION—*Necessary to Support a Contract.*—To every contract there must be a consideration to support it, either expressed in words or implied in the very nature of the contract; otherwise it would be a mere *nudum pactum.*

3. SAME—*Forbearance to Sue.*—A promise to pay the debt of another in consideration of a forbearance to sue for a time certain or for a reasonable time, is a good consideration; but a mere forbearance, without an agreement to forbear, will not render the promisor liable.

4. FORBEARANCE—*As a Consideration.*—Forbearance, to be sufficient as a consideration, must be in pursuance of a mutual agreement, the consideration being a promise for a promise. To make the promise effective both parties must be bound.

Webbe v. Romona Oolitic Stone Co.

5.  SAME—*The Agreement Need Not be in Writing.*—An agreement to forbear to sue need not be in writing, nor in any precise words, nor in any express language at all; like other contracts it may be derived from and inferred by the acts and declarations of the parties or the facts and circumstances surrounding the case.

**Assumpsit,** upon a contract of guaranty.  In the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding.  Trial by jury; verdict and judgment for plaintiff; appeal by defendant.  Submitted at the October term, 1894.  Affirmed.  Opinion filed April 4, 1895.

APPELLANT'S BRIEF, DEFREES, BRACE & RITTER, ATTORNEYS.

By the statute of frauds, a collateral promise to answer for the debt of another is required to be in writing.  Starr & Curtis' An. Stat., Ch. 59, Sec. 1; Denton v. Jackson, 106 Ill. 433–436; Power v. Rankin, 114 Ill. 52–55.

The writing must be complete in itself and can not be helped out by parol.  It must contain all the essential terms of the contract, expressed with such a degree of certainty as to render it unnecessary to resort to parol evidence to determine the intent of the parties.  Hagan v. Dom. S. M. Co., 9 Hun 74; 1 Brandt on Suretyship, etc., Sec. 81.

Parol evidence can not be received to supply anything which is deficient in the writing.  Salmon Falls. Mfg. Co. v. Goddard, 55 U. S. 446; 2 Rice on Evidence, Sec. 518, pp. 1262–4.

The mere fact that appellee did in fact forbear to sue, constitutes no sufficient consideration for appellee's promise, unless it had legally bound itself to do so.  It is not forbearance in fact, but the agreement to forbear, which makes consideration.  There must be a mutual agreement, the consideration being promise for promise.  Cobb v. Page, 17 Pa. St. 469; Shupe v. Galbreath, 32 Pa. Stat. 10; Brandt on Suretyship, Sec. 16.

To constitute a forbearance to sue a third person, a good consideration for a promise by a stranger to the original consideration, it must have been in pursuance of an agreement to forbear.  McCorney v. Stanley, 8 Cush. (Mass.) 85–88; Browne on Frauds (4th Ed.), Sec. 190, p. 218.

APPELLEE'S BRIEF, HOYNE, FOLLANSBEE & O'CONNOR,
ATTORNEYS.

The two parts of the paper sued on, being written on the same piece of paper, are to be construed with reference to each other. Tallman v. Franklin, 14 N. Y. 584; Wilkinson v. Evans, L. R., 1 C. P. 407.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellee against appellant upon the following guaranty:

"Memorandum of settlement of bill of S. E. Webbe for stone for Lake View crib, furnished by Romona O. Stone Co.

| | | |
|---|---:|---:|
| Bill of all stone in crib............. | | $4,803 75 |
| 411.10 furnished by S. E. W., at 50c..$ | 205 91 | |
| Freight paid..................... | 1,183 25 | |
| Handling 13 stones................ | 15 72 | |
| Overmeasurement 99° at 50c........ | 49 50 | 1,454 39 |
| | | $3,349 36 |
| Allowance for discrepancies in invoices, etc..................... | | 49 36 |
| | | $3,300 00 |

In case Mr. Kessler shows order for Nos. 19 and 20 to be 5′ .9 wide instead of 2′ .0 wide, then there is to be paid in addition $40.25 for 80.6 difference.

O. K.    SAM'L E. WEBBE.

I hereby guarantee payment as follows: One half by the end of October (Oct. 31, '91), and the balance as soon as received from the city, and in any case not over ninety (90) days from date, provided there is no liability on part of their company (the Romona O. Stone Co.), from any mishap which may occur.

WILLIAM E. WEBBE.

October 3, 1891."

The whole of said paper is written on one sheet, and the part commencing, "I hereby guarantee," etc., is in a different handwriting and different ink from the preceding part, but it is written in appellant's own handwriting. The suit was against William E. Webbe, the guarantor, alone, and it is from a judgment rendered against him upon the verdict of a jury that he appeals.

The question is, was there a consideration for the guaranty sued upon? The paper itself expresses none, but the contract of guaranty should be read with reference to the memorandum of settlement that precedes it.

As between the original parties to a paper, the contract, as said in Prins v. South Branch Lumber Co., 20 Ill. App. 236, "is to be gathered from all that appears on it;" or, as it is said, "the contract must be collected from the four corners of the document."

It seems that there were two settlements arrived at between the stone company and Samuel E. Webbe, one on September 17, 1891, and the other on October 3, 1891, when the guaranty of William E. Webbe was given.

The contention by appellee that this last settlement was for an amount less than what was actually owing from Samuel E. Webbe, and was agreed upon in consideration of the guaranty by William E. Webbe, and that he offered to prove that fact but was prevented from so doing by the objection of the appellant to such evidence being sustained by the court, is at most only partly sustained by the record.

The offer by appellant to show what the first settlement was, and the amount that Samuel E. Webbe then owed to appellee, after being objected to by appellant and before a ruling on the objection by the court, was withdrawn by appellant.

Later on, the appellee, in offering the statement and guaranty in evidence, asked the witness how much Samuel E. Webbe owed the plaintiff (appellee) at the time the statement and guaranty was dated, which question, being objected to by appellee, the court inquired if the statement did not show that, and in answer to the court, counsel for

appellant, said : " The statement shows the balance agreed upon. I want to show he (meaning Samuel E. Webbe) really owed more."

Some conversation followed between counsel for appellant and the court, but counsel for appellee have not pointed out to us, and we have not been able to find any ruling by the court, nor any other offer by appellee or any exception taken upon the subject.

There is therefore nothing in the record that presents to us any question upon the effect of proof that the consideration of the guaranty was an agreement to take less than was owing from Samuel E. Webbe to appellee. But is there any other consideration to support the guaranty ? If so, it exists in an implied agreement by appellee to forbear to sue Samuel E. Webbe.

To every contract there must be a consideration to support it, either expressed in words or implied from the very nature of the contract; otherwise the contract would be a *nudum pactum*.

A promise to pay the debt of another in consideration of a forbearance to sue for a time certain, or for a reasonable time, is upon a good consideration; but a mere forbearance, without an agreement to forbear, will not render the promisor liable. Cobb v. Page, 17 Pa. St. 469.

It is well settled, that actual forbearance is not enough. The forbearance must be in pursuance of a mutual agreement, the consideration being promise for promise. Consequently, to make the promise effective, both parties must be bound. Shupe v. Galbraith, 32 Pa. St. 10.

As already stated, the written guaranty itself expresses no agreement for forbearance by appellee. That instrument bears date October 3, 1891, and the appellant promised to pay one-half of the sum guaranteed by the end of that month, and the balance within ninety days from the date of the guaranty, which would expire on January 1, 1892. Of the amount of $3,300, specified in the memorandum of settlement between Samuel E. Webbe and the appellee, referred to in the written guaranty, there was paid

on October 31st, $1,491, a sum $159 less than one-half of the amount specified; and on January 5, 1892, four days later than the time mentioned in appellant's contract of guaranty, there was paid $1,500, a sum likewise less than was then due. These payments, it is conceded by appellant's brief, were paid by the principal debtor, Samuel E. Webbe, and this suit against the guarantor was not begun until January 19, 1893.

These facts establish, *prima facie* at least, that there was in fact a forbearance by the appellee to sue the principal debtor; and actual forbearance, taken in connection with the fact of acceptance of the guaranty by the appellee, and of subsequent payments by the principal debtor from time to time not earlier than the times specified in the guaranty, and nothing whatever being shown to the contrary nor offered by the appellant to be shown, the inference or presumption arises that it was agreed by the parties that there should be a forbearance for the time mentioned in the written guaranty.

An agreement to forbear to sue, or to extend the time of payment, need not be in writing, nor in any precise words, nor in express language at all.

As said in Brooks v. Wright, 13 Allen 72, "it is a question of mutual understanding and intention, and like other contracts, the agreement of the parties may be derived from and inferred by acts, declarations, facts and circumstances. When such are the sources from which the mutual agreement of the parties is to be gathered, it is for the jury to determine what the intention and understanding were, if any, upon which the minds of the parties met."

It was held in Walker v. Sherman, 11 Met. 170, that the slightest damage to the plaintiff, or benefit to the defendant, offered a sufficient consideration to support the promise of the defendant to pay an order accepted by him, and that the fact of forbearance to sue the drawers of the order there involved was sufficient to authorize the inference that the plaintiff agreed so to forbear, and the case of Breed v. Hillhouse, 7 Conn. 523, was cited in support of the decision.

In the Connecticut case, which was a suit against the

guarantor of a note, it appears from the statement of facts, as follows:

"To show that the plaintiff agreed, in consideration of the guaranty, to forbear the collection of the note, the plaintiff relied on his acceptance of the guaranty, and on his actual forbearance for the stipulated time—these facts not being disputed."

On the trial below the court instructed the jury that proof of consideration was necessary, but that the plaintiff's receiving the guaranty, and his actual forbearance thereon for the stipulated time, was *prima facie*, and, being unrepelled, sufficient, proof of consideration.

And it was said:

"The agreement in question, to forbear, was clearly proved, on a principle of probable presumption, which harmonizes with common sense, and is conformed to experience; and both reason and experience bear concurrent testimony to the inference of a consideration in this case. The acceptance of the indorsed guaranty, by the plaintiff, and his consequent forbearance, prove the agreement in question, and are incompatible with any other supposition."

Recognizing the weight of those cases we hold that the contract of guaranty by appellant was supported by a consideration and bound the appellant.

There are numerous other errors assigned which we are constrained to omit a discussion of, with the remark that they have been considered, and are not regarded as affecting the substantial merits of the case.

The judgment of the Superior Court will therefore be affirmed.