E. B. CRISSEY v. THE INTER-STATE LOAN AND TRUST COMPANY.

#### No. 10788.

1. GUARANTY IN BLANK—*indorsed on negotiable instrument, passes with it.* A delivery of a negotiable instrument by the payee, for a consideration, upon which instrument an assignment and guaranty in blank had been previously written by the payee, carries with it the contract of guaranty.

2. ——— *held to have passed with negotiable instruments, in particular case.* When an incorporated loan and trust company, engaged in the business of lending money upon real estate and selling its securities, had, according to its custom, for the purpose of marketing the securities for cash, indorsed upon them a written assignment and guaranty in blank, and had laid them aside awaiting purchasers, and afterwards the president of the company, in pursuance of the authority of the board of directors, applied some of them upon a debt due to himself as trustee for others, but without inserting his name in the blank indorsement as assignee or covenantee; *held*, that the diversion of the securities from the original purpose was the act of the directors and not of the president; the taking of them by him under the authority given was the equivalent of a valid delivery to him; and such delivery carried with it the contract of guaranty indorsed upon the securities.

3. GUARANTY OF PAYMENT—*at fixed time, is enforceable upon principal's default*—A guaranty of payment of a debt at a particular time, is enforceable upon the default of the principal obligor.

4. SPECIAL FINDINGS—*judgment reversed because of inconsistent.* Inconsistent findings, requiring a reversal for new trial, pointed out.

36—59 KAN.

Error from Shawnee District Court. Z. T. Hazen, Judge. Opinion filed July 8, 1898. *Reversed.*

*Stebbins & Evans*, for plaintiff in error.

*T. A. Hurd*, for defendant in error.

DOSTER, C. J. The defendant in error is a corporation engaged in lending money on real estate security. After making its loans, it indorsed its mortgage bonds or notes with an assignment and guaranty in the following language :

"For value received, the Inter-State Loan and Trust Company of Leavenworth, Kansas, hereby assigns the within bond to ————————— or order without recourse, save that it guarantees : first, the prompt payment of interest thereon, at seven per cent. per annum, payable semiannually, until the principal is fully paid ; second, the payment of the principal within two years from the maturity.

"*Provided*, That if at any time the said Inter-State Loan and Trust Company shall tender to the legal holder of the said bond the amount unpaid thereon, with accrued interest, the said holder shall thereupon indorse and deliver the said bond, together with the mortgage securing the same, properly assigned, to the Inter-State Loan and Trust Company, or if he shall elect not to do so then this guaranty shall become and henceforth be null and void."

Its custom was to make this assignment and guaranty, and lay the securities aside until a purchaser was found, to whom they were then delivered in the above uncompleted form ; the purchaser, if he chose, writing his name in the blank space as assignee. This assignment and guaranty was for the purpose of marketing the securities, and for no other purpose. The defendant in error became indebted to the Metropolitan National Bank and the Citizens' Savings Bank,

both of the city of Leavenworth.   January 1, 1889, the plaintiff in error was president of the defendant in error corporation.   He was also at that time receiver of the Metropolitan National Bank and assignee of the Citizens' Savings Bank.   On that day the board of directors of the defendant in error passed the following resolution :

"*Resolved,* That the directors and officers of this company be instructed to pay the assignee of the Citizens' Savings Bank, and the receiver of the Metropolitan National Bank, any indebtedness due them, either in the form of demand loans, or balances on book account, and any act tending to the payment of said debts is hereby confirmed and the officers or officer is hereby instructed to place on deposit any and all of the securities of this company, as security for the payment of any debts due said assignee or receiver."

January 24, 1889, the plaintiff in error reported to the board of directors of the defendant in error that he had effected a settlement of the indebtedness due to the banks of which he was respectively receiver and assignee, whereupon the board noted their action upon the Company's records, in the following language :

" President Crissey reported that he had effected a complete adjustment and final settlement of the claims and demands which the Metropolitan Bank and the Citizens' Savings Bank or either of them had against this corporation, or which this corporation had against the said banks or either of them, by transferring $12,-700 in first mortgages belonging to this corporation, which transfer had been accepted in full satisfaction of all such claims and demands."

In pursuance of the authority of this resolution, the plaintiff in error, as president of the defendant in error, took to himself, as assignee of one of the banks and receiver of the other, the Company's securities to the authorized amount.   These securities were ne-

gotiable in form, and bore the assignment and guaranty above quoted. Subsequently, as assignee and receiver, he sold and delivered them to the Fredonia National Bank of New York, from which he subsequently repurchased them for himself as an individual. The indebtedness which they represent was not paid. No effort was made to secure payment from the makers of the instruments, but suit was brought, directly upon the guaranty, against the defendant in error. Findings were made, and judgment was rendered against the plaintiff in the court below, from which he prosecutes error to this court.

The court, among other things, found :

" Said guaranties were placed upon said notes by defendant company with the intention that said notes should be sold upon the market for cash, and at the time of the delivery of said notes from defendant company to plaintiff as such receiver and assignee and at all times thereafter up to and including the time of the repurchase from the Fredonia National Bank he knew the custom of defendant company, the manner in which it had been doing business and the purpose for which the guaranties referred to were placed upon said notes."

2. Guaranty in blank, held to pass with instrument.

It is contended by the defendant in error that this is a finding that the securities of the Company, designed by it for a specific purpose known to plaintiff in error, were wrongfully diverted by him to another purpose, and that because thereof no recovery can be had by him. In making this contention, however, the defendant in error entirely overlooks the fact that the action of the plaintiff in error as its president was in pursuance of the authority of its board of directors, and that the diversion of the securities from the original purpose was authorized by the board. Granting that the original design of the Company in placing its assignment and guaranty upon the securities was to market them

for cash, yet the board of directors, in authorizing a settlement of its indebtedness resolved that the plaintiff as its president "is hereby instructed to place on deposit any and all of its securities for the payment of any debts due said assignee or receiver"; and, thereafter, upon report made by the plaintiff to the board of directors of what he had done in the carrying out of their instructions, they ratified his action "in transferring $12,700 in first mortgages belonging to this corporation." No claim is made that the board of directors were ignorant of the fact that the securities which they had ordered placed on deposit as security for the payment of debts, and the transfer of which for such purpose they had ratified, did not then bear the Company's indorsement and guaranty.

On the contrary the contention of the defendant in error is based upon the idea of knowledge by the board of directors that such assignment and guaranty had been previously indorsed upon the securities, and is also based upon the idea of knowledge upon their part of the purpose for which the indorsement had been made. With this knowledge of their own past actions and intentions, they directed a surrender of the securities in payment of the Company's debts, and subsequently, when the surrender was made, they ratified the action. It was they, not the plaintiff in error, who diverted the securities from the original design.

Some criticism is made of the conduct of the plaintiff in error in securing control of a majority of the stock of the defendant in error and then voting it to reduce the number of the directors, and also in voting into office a directory of his own friends who subsequently seemed to carry out his wishes; and attention is also called to the fact that the resolutions of the board before quoted were not attested as, it is said,

they should be. These matters, however, did not go to the power of the board or to the validity of its proceedings. What is said by counsel for defendant in error concerning them seems to be by way of passing comment, and not in the form of legal objections.

It is contended that the guaranty indorsed upon the securities is not negotiable, and that the indorsement of assignment was not a completed contract, because the name of the assignee was not inserted in the blank for that purpose.

1 Blank guaranty indorsement negotiable.

Neither of these objections is tenable. A transfer by assignment, as well as by commercial indorsement, may be made in blank, and a guaranty of payment is at least assignable, if not negotiable ; and a guaranty, like an indorsement or assignment, may be made in blank. Brandt on Suretyship and Guaranty, vol. 1 ( 2d ed.), §§ 47–48.

One of the defenses in the suit upon the guaranty was the lack of consideration. As to this matter the findings of the court were contradictory. One of these findings was general in its terms, and in the following language : ''There was no consideration for the guaranties indorsed upon the notes in suit.'' Other and specific findings directly to the contrary were made, as follows :

4. Special findings inconsistent.

'' The defendant, Inter-State Loan and Trust Co., was indebted to said Metropolitan National Bank and to the Citizens' Savings Bank.

''At that time ( November, 1888), defendant had in its possession the notes sued on in this action, together with a large amount of other securities that said defendant, through plaintiff as its president, delivered to E. B. Crissey, as receiver of the Metropolitan National Bank and assignee of the Citizens' Savings Bank, in payment of debts due from defendant corporation to said banks.

''At the time of the transfer of the securities in controversy from the Inter-State Loan and Trust

Company to E. B. Crissey, as assignee of the Citizens' Savings Bank and receiver of the Metropolitan National Bank there was an indebtedness due from defendant company to said banks in a sum between $7,500 and $12,750, but the exact amount of such indebtedness, the court is unable to determine from the evidence in the case."

The inconsistency between these findings of fact requires a new trial of the case.

Another of the court's findings was that the plaintiff in error had made no effort to enforce the collection of the securities from the makers. The conclusions of law which the court drew from the facts do not indicate that the failure of the plaintiff in error to endeavor to enforce collection from the makers of the securities tended to the defeat of his action, nor do we interpret the argument of counsel for defendant in error as being an assertion of the claim that it should do so. Inasmuch, however, as the court found upon the fact mentioned, it may be thought to possess materiality. We do not understand that a guaranty of payment at a particular time is only enforceable after effort to collect from the principal obligor. On the contrary, the law is that in default of payment by the maker at the time specified the guaranty becomes absolute and may then be sued upon. *Campbell v. Baker*, 46 Pa. St. 243; *Cobb v. Little*, 2 Me. 261; *Breed v. Hillhouse*, 7 Conn. 523; *Mallory v. Lyman*, 3 Pinney (Wis.), 443.

3. Guaranty of payment enforceable, when.

The judgment of the court below is reversed and a new trial ordered.