UNION TRUST CO. v. CONUS.

1. GUARDIAN AND WARD—BONDS—CONSIDERATION—FORBEARANCE.
   C., having converted certain funds in his hands as guardian, was removed, and ordered to pay the amount "forthwith" to B., his successor. Subsequently, as the result of efforts to collect the claim, C. gave to B., as trustee for the wards, "his successors, executors, administrators, or assigns," a bond conditioned for the payment of the amount due, in installments extending over a term of years; after which no attempt was made to enforce payment otherwise than in accordance with the bond. *Held*, to warrant the inference of an extension of time for payment, affording a sufficient consideration for the bond.

2. SAME—DEFAULT—AMOUNT RECOVERABLE.
   By the terms of the bond, the whole amount might be declared due in case of a default in payment for 60 days. B. died before any payments became due, and an administrator was appointed for his estate, and a new guardian (U.) for the wards; and to U., C. made several of the payments specified in the bond. U. was subsequently appointed trustee under the bond, and, more than 60 days after nonpayment of an installment, but within a less time after his appointment as trustee, he brought suit on the bond. *Held*, that a recovery was properly permitted for the full amount of the bond, since, in view of the appointment of the administrator, and

of U. as guardian, the contention that no default could exist prior to U.'s appointment as trustee, for want of a person to whom payments might lawfully be made, was untenable.

Error to Wayne; Frazer, J. Submitted December 11, 1901. Decided December 21, 1901.

*Assumpsit* by the Union Trust Company, trustee, against Anthony M. Conus, principal, and John Siwka and John Zynda, sureties, upon a bond for the payment of money. From a judgment for plaintiff on verdict directed by the court, defendant sureties bring error. Affirmed.

*Malcolm McGregor* and *William D. Fox,* for appellant Zynda.

*Clark, Durfee & Allor,* for plaintiff.

MOORE, J. The appellants bring the case here by writ of error. The plaintiff sued and obtained a judgment upon a bond reading as follows:

"Know all men by these presents, that Anthony M. Conus, of the city of Detroit, county of Wayne, and State of Michigan, as principal, and John Siwka and John Zynda, of the city of Detroit, county of Wayne, and State of Michigan, as sureties, are held and firmly bound unto John Bialk, Sr., of the city of Detroit, county of Wayne, and State of Michigan, as trustee for John Bialk, Jr., Rose Bialk, and Elizabeth Bialk, children of Christina Bialk, deceased, in the sum of two thousand dollars ($2,000), good and lawful money of the United States, to be paid to the said John Bialk, Sr., trustee, his successors, executors, administrators, or assigns, for which payment well and truly to be made we do bind ourselves, our heirs, executors, and administrators, jointly and severally, firmly by these presents.

"Sealed this 29th day of June in the year one thousand eight hundred and ninety-eight.

"The condition of the obligation is such that if the above-bounden Anthony M. Conus, his heirs, executors, and administrators, or any of them, shall well and truly pay, or cause to be paid, unto the above-named John Bialk,

Sr., trustee, his successors, executors, administrators, or assigns, the just and full principal sum of one thousand six hundred and eighty-three and 48-100 dollars ($1,683.48), with interest thereon at the rate of six per cent. per annum, payable semi-annually, at the times and in the manner following, to wit: One hundred and eighty-three and 48-100 dollars ($183.48) on or before the 5th day of November, A. D. 1898, together with such interest as may be due upon the aforesaid principal sum, and the remainder of said · principal sum in twelve (12) equal semi-annual payments, of one hundred and twenty-five dollars ($125) each, on the fifth day of each succeeding month of May and November following, until the full payment of the said principal sum; the accumulated interest upon such part of the principal sum as may be due at the time of making any of said payments to be paid semi-annually and at the time of making the payments on the said principal sum as aforesaid,—without fraud or other delay, then this obligation to be void.

"And it is hereby expressly agreed that should default be made in the payment of said principal sum, the interest, or any part thereof, when the same is payable as above provided, and should the same, or any part thereof, remain unpaid for a period of sixty days, then the whole of the aforesaid principal sum, with all arrearages of interest, shall, at the option of said John Bialk, Sr., his successors, legal representatives, and assigns, be due and payable immediately thereafter, notwithstanding the time as above limited for the payment of said principal sum and interest shall not have then expired.

"But, if default be made in the payment of any or either of the said sums on the days on which the same ought to be paid as aforesaid, then this obligation shall remain in full force and virtue.

[Signed]     "ANTHONY M. CONUS.   [L. S.]
             "JOHN SIWKA.   [L. S.]
             "JOHN ZYNDA.   [L. S.]
"I hereby accept the within trust.
"Detroit, July 20th, A. D. 1898.
                       [Signed]   "JOHN BIALK."

This bond was acknowledged by the parties thereto before a notary public.

There are twenty-three assignments of error. We have considered them all, but shall discuss only those which we deem to be important.

To understand the questions involved, a brief statement of facts is necessary: In March, 1892, the defendant Conus was appointed general guardian of three minors (John Bialk, Jr., Rose Bialk, and Elizabeth Bialk) by the probate court. He filed the usual guardian's bond, with two sureties. Later he filed an additional bond. The defendant Zynda was not on either bond. The defendant Conus converted funds belonging to said minors to his own use. He was removed as guardian on the 21st day of September, 1897. John Bialk, Sr., was appointed on the 30th day of September, 1897, guardian of said minors. On the 1st of November, 1897, the probate judge found Mr. Conus indebted to the minors in the sum of $2,242.20; and he was ordered to pay this sum "over forthwith" to his successor, John Bialk, Sr. Conus subsequently made payments on this indebtedness, and, at the time of giving the bond on which this suit is brought, was indebted to the estate in the sum of $1,683.48. The defendant Siwka was a surety on both the probate bonds. As Mr. Conus did not pay the balance, Mr. Bialk put the claim in the hands of an attorney for collection. The attorney satisfied himself that the only person on the probate bonds who was good was Mr. Siwka. He had a conference with Mr. Conus and Mr. Siwka, and he also called the attention of the prosecuting attorney to the situation. A letter was written from the office of the prosecuting attorney, the contents of which do not appear. The record is not as full as could be desired as to what occurred between counsel and the parties to the bond, but the result of the conference of the attorney with Mr. Conus and Mr. Siwka was that the bond in controversy was given, and no further effort was made to collect the claim through the probate court. October 24, 1898, Mr. John Bialk, Sr., died. On the 16th of December an administrator of his estate was appointed, and in December, 1898, the Union Trust Company was appointed guardian of the minors. After the appointment of the Union Trust Company as guardian, defendant Conus made payments on the bond

to the Union Trust Company as guardian,—seven in all. When it became evident that suit must be commenced to collect the bond, the question arose as to who had the right to sue,—whether the Union Trust Company, as guardian, Basil A. Lemke, as administrator, or a new trustee. In order that there might be no question about it, a bill was filed making all the parties in interest defendants, and a decree was made appointing the Union Trust Company trustee. As Mr. Conus made default in his payments, this suit was commenced in January, 1900, and judgment was rendered for the full amount due in November of the same year.

It is claimed the bond was impeached because it was given solely to secure a past indebtedness, and to keep Mr. Conus out of prison. There is nothing in the evidence that warrants the inference that the bond was given to prevent the imprisonment of Mr. Conus; and, while the bond was given to secure an indebtedness then due, we think it a fair inference from all the facts and circumstances that it was given to enable Mr. Conus to have such additional time in which to pay this indebtedness as would enable him to do so. This court has held that extending the time in which to pay an existing indebtedness is a sufficient consideration for the giving of a bond. *Calkins* v. *Chandler*, 36 Mich. 320 (24 Am. Rep. 593); *Lee* v. *Wisner*, 38 Mich. 82. See, also, *Sanders* v. *Barlow*, 21 Fed. 841; 14 Am. & Eng. Enc. Law (2d Ed.), 1136.

The case of *Webbe* v. *Stone Co.*, 58 Ill. App. 222, is an instructive one. In the opinion it is said:

"As already stated, the written guaranty itself expresses no agreement for forbearance by appellee. That instrument bears date October 3, 1891, and the appellant promised to pay one-half of the sum guaranteed by the end of that month, and the balance within 90 days from the date of the guaranty, which would expire on January 1, 1892. Of the amount of $3,300 specified in the memorandum of settlement between Samuel E. Webbe and the appellee, referred to in the written guaranty, there was paid on October 31st $1,491,—a sum $159 less than one-half of the

amount specified; and on January 5, 1892, four days later than the time mentioned in appellant's contract of guaranty, there was paid $1,500,—a sum likewise less than was then due. These payments, it is conceded by appellant's brief, were paid by the principal debtor, Samuel E. Webbe, and this suit against the guarantor was not begun until January 19, 1893.

" These facts establish, *prima facie* at least, that there was in fact a forbearance by the appellee to sue the principal debtor; and actual forbearance, taken in connection with the fact of acceptance of the guaranty by the appellee, and of subsequent payments by the principal debtor from time to time not earlier than the times specified in the guaranty, and nothing whatever being shown to the contrary, nor offered by the appellant to be shown, the inference or presumption arises that it was agreed by the parties that there should be a forbearance for the time mentioned in the written guaranty. An agreement to forbear to sue, or to extend the time of payment, need not be in writing, nor in any precise words, nor in express language at all. As said in *Brooks* v. *Wright*, 13 Allen, 72 :

" 'It is a question of mutual understanding and intention, and, like other contracts, the agreement of the parties may be derived from and inferred by acts, declarations, facts, and circumstances. When such are the sources from which the mutual agreement of the parties is to be gathered, it is for the jury to determine what the intention and understanding were, if any, upon which the minds of the parties met.'

"It was held in *Walker* v. *Sherman*, 11 Metc. (Mass.) 170, that the slightest damage to the plaintiff, or benefit to the defendant, offered a sufficient consideration to support the promise of the defendant to pay an order accepted by him, and that the fact of forbearance to sue the drawers of the order there involved was sufficient to authorize the inference that the plaintiff agreed so to forbear; and the case of *Breed* v. *Hillhouse*, 7 Conn. 523, was cited in support of the decision.

"In the Connecticut case, which was a suit against the guarantor of a note, it appears from the statement of facts as follows :

" 'To show that the plaintiff agreed, in consideration of the guaranty, to forbear the collection of the note, the plaintiff relied on his acceptance of the guaranty, and on his actual forbearance for the stipulated time, these facts not being disputed.'

" On the trial below the court instructed the jury that proof of consideration was necessary, but that the plaintiff's receiving the guaranty, and his actual forbearance consequent thereon for the stipulated time, was *prima facie*, and, being unrepelled, sufficient, proof of consideration. And it was said:

" 'The agreement in question, to forbear, was clearly proved, on a principle of probable presumption, which harmonizes with common sense, and is conformed to experience; and both reason and experience bear concurrent testimony to the inference of a consideration in this case. The acceptance of the indorsed guaranty by the plaintiff, and his consequent forbearance, prove the agreement in question, and are incompatible with any other supposition.'

"Recognizing the weight of those cases, we hold that the contract of guaranty by appellant was supported by a consideration, and bound the appellant."

We think the proofs disclose a sufficient consideration for the giving of this bond.

It is said by counsel the court erred in directing a verdict for the full amount of the bond; that as the trust company was not appointed trustee until January, 1900, there was no person to whom payments could be legally made, and therefore there could be no legal default. The bond recites that Mr. Bialk, Sr., is trustee for John Bialk, Jr., Rose Bialk, and Elizabeth Bialk, children of Christina Bialk, deceased. The bond runs to John Bialk, Sr., trustee, his successors, executors, administrators, or assigns. A few days after his death an administrator of his estate was appointed, and the Union Trust Company was appointed guardian of the minor children; and, as before shown, payments were in fact made to the Union Trust Company. There was some one to whom payments could be legally made. They were not made, and the default condition of the bond became operative.

Judgment is affirmed.

MONTGOMERY, C. J., HOOKER and GRANT, JJ., concurred. LONG, J., did not sit.