## GUARANTY BY WIFE OF HUSBAND'S ACCOUNT.

Circuit Court of Cuyahoga County.

THE WARREN PAINT COMPANY V. MARGARET SWIHART.

Decided, June 8, 1908.

*Guaranty—Consideration for—Extension of Time.*

Upon April 16, 1904, the defendant endorsed upon a statement of an account from her husband to plaintiff the following: "I will see that this account is paid by $25 a month beginning August 1, 1904." In an action against her on this agreement, *Held:* That it constituted a guaranty, consideration for which would be furnished by an extension of time given her husband and that plaintiff might show that it had in fact made no demand of payment before August 1st, as some evidence not only that an agreement for extension of time had been made but that it had been kept by plaintiff.

*Horr & Lowenthal,* for plaintiff in error.
*Benjamin C. Starr,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The parties here are as they were in the court below. The suit was brought by the paint company against Margaret Swihart, and alleges as its cause of action:

"That on or about April 16th, 1904, Frank Swihart was indebted to this plaintiff in the sum of $330.70, then past due and payable. That on said date the defendant in consideration of the extension granted by the plaintiff, of the time of payment of said indebtedness, and signed upon a statement of the said indebtedness against said Frank Swihart as follows: 'I will see that this account is paid by $25 a month beginning August 1st, 1904. (Signed) Margaret Swihart,' and by said writing defendant then and thereby guaranteed the payment to plaintiff of said indebtedness from said Swihart, in monthly installments of $25 each, beginning August 1st, 1904. A copy of said statement containing a copy of said agreement is hereto attached marked 'Exhibit A.'

"The plaintiff duly performed all the conditions of said agreement on its part to be performed. But said indebtedness has

not been paid, except the sum of $105 paid in small installments at various times, and there is now due and payable to the plaintiff on said account the sum of two hundred and twenty-five dollars and seventy-four cents ($225.74) with interest.

"Wherefore plaintiff brings suit and asks judgment for said amount of $225.74 together with interest on the entire account from January 1st, 1904."

The exhibit which is attached to the petition is in the form of an account of the plaintiff against Frank Swihart. On the account are these words endorsed: "I will see that this account is paid by $25 a month beginning August 1st, 1904 (Signed) Margaret Swihart."

The evidence shows that Frank Swihart was indebted to the plaintiff on this account; that Ford M. Clapp, a representative of the plaintiff, called on Frank Swihart for payment of this account in April, 1904; that he stated that he was not able at that time to make payment; that the defendant is the wife of Frank Swihart and that she was called by her husband and had a conversation with Clapp and her husband together, the result of which was that Clapp wrote the endorsement on the account and the defendant then signed it.

The claim on the part of the plaintiff is as stated in the petition, that this was an undertaking on the part of the defendant to guarantee the payment of the account, and that it was made upon the consideration that time for payment should be extended, the account being already due at the time the endorsement was made.

It will be noticed that no consideration is named in the endorsement, nor does it appear from the testimony of Clapp that he, in words, promised that the time for payment should be deferred, but the promise that the defendant would see that the account would be paid in monthly installments of $25 each, beginning on the 1st of August, 1904. That this was a guaranty on the part of the defendant for the payment of this account we entertain no doubt. *Stearns on Suretyship,* at Section 5 says:

"A guarantor is one who undertakes to pay, if the principal does not. * * * The guarantor promises that the principal

will perform his agreement, and if he does not, then he, the guarantor, will do it for him.''

Bouvier, in his definition of the word guaranty says it is: '' An undertaking to answer for another's liability, and collateral thereto.''

And says further, that the form of words in which this undertaking is made is not material. The words have the meaning as written hereof ''I will see that this account is paid;'' that ''I will be responsible that the debtor shall pay this account,'' and that is equivalent to saying, ''If the debtor does not pay this account, I will pay it;'' and this constitutes a guaranty. That there must be a consideration for such guaranty in order that the guarantor be bound, there can be no doubt. That an agreement to defer payment is a sufficient consideration is equally well settled, and that to entitle the creditor to avail himself of the guaranty, he must have deferred, where that was the consideration, as he undertook to do. In this case the evidence is that Clapp, having obtained this endorsement, returned the account to the plaintiff with the endorsement upon it and that no payment was thereafter made until in August, 1904, when the defendant made a payment upon the account, and thereafter payments were made by her or her husband to the amount of something like $100 when the payments ceased, and this suit is for a balance still owing upon this account.

The plaintiff offered to show, as appears on page 6 of the bill of exceptions, that no demand was made upon either Mr. or Mrs. Swihart, for any payment until after the 1st of August, 1904. Upon objection of the defendant this evidence was excluded. In this we think there was error on the part of the court. One of the things which it was incumbent upon the plaintiff to prove in order to hold the defendant was, that there was carried out, on the part of the plaintiff, the alleged agreement to defer the collection of the claim. The evidence excluded would have tended to establish this material fact. Another question which was asked of Clapp, who was a witness on behalf of the plaintiff, was in these words: ''Will you state whether or not there was extended

to Mr. or Mrs. Swihart the extension of payment as stipulated in this agreement?'' An objection to this question was sustained, and the action of the court'in that regard is complained of here, but as this involved a conclusion rather than a fact, we do not think there was error in sustaining the objection to this question.

At the conclusion of the evidence on the part of the plaintiff, a motion by the defendant to direct a verdict in her favor was sustained. In this there was error.

Perhaps with the evidence just as the court had permitted it to go to the jury, the plaintiff had not made a case, but if the court had permitted the witness to answer that no demand was made for payment after the defendant signed the endorsement until as late as the 1st of August, 1904, it would have tended to show that the plaintiff had agreed to the extension. Taken in connection with the fact that Clapp, the representative of the plaintiff, himself prepared the endorsement and that it was signed and delivered to him, and by him delivered to the plaintiff, and that the plaintiff made no demand for payment until the time mentioned in the endorsement as the date of the first payment, it would certainly have made a case to be submitted to the jury as to whether or not the plaintiff had not agreed to the extension and performed that agreement. A case, which seems to be directly in point, is that of *Breed* v. *Hillhouse*, 7th Conn., 523, where this language is used in the syllabus:

''Where a payee of a promissory note, after it became due, accepted the guaranty of a third person, for a certain length of time, and actually forbore suit during that period, it was held that these facts afforded *prima facie* evidence of an agreement by the plaintiff to forbear suit.''

And in the opinion at page 528, this language is used:

''The agreement in question to forbear, was clearly proved on a principle of probable presumption, which harmonizes with common sense and is conformed to experience; and both reason and experience bear concurrent testimony to the inference of a consideration in this case. The acceptance of the indorsed guaranty by the plaintiff, and his consequent forbearance, prove the agreement in question, and are incompatible with any other supposition.''

What has been said necessarily results in a reversal of the judgment, for error in excluding the evidence named and in directing a verdict for the defendant.