## MAURICE CLIFFORD

*v.*

## CHRISTIAN LUHRING *et al.*

1. NEW TRIAL—*in respect to finding from the evidence.* Where the evidence is conflicting as to the nature and extent of a contract, the verdict of the jury in settling the facts of the case will not be disturbed.

2. STATUTE OF FRAUDS—*promise to pay the debt of another.* Where the leading object of the undertaking is, to promote some object of the party's own, his promise to pay is not within the Statute of Frauds, although its effect is to release or suspend the debt of another.

3. Thus, where the defendant had employed a party to build a house, and, on his failure, the plaintiff, who was a sub-contractor, made known the fact to the defendant, and informed him that he would be obliged to quit work, and the defendant thereupon told the plaintiff to go on with his part of the work, and he would pay him, it was *held,* that the defendant's undertaking was not collateral, but an original one, and was not within the Statute of Frauds, as assuming to answer for the contractor, his main object being to subserve a purpose of his own.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Messrs. HUNTER & PAGE, for the appellant.

Mr. JOHN H. BURNS, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, in the Superior Court of Cook county, to recover for services as plasterers on a house of the defendant in the city of Chicago. The theory of the plaintiff's case is, a promise on the part of defendant to pay them for their work.

It appears the contract for the whole work on the building was let by defendant to one Gruis, of whom plaintiffs were sub-contractors, and on his failing to perform his contract

with them, they testify they made known the fact to defend-
ant, and informed him they would be obliged to quit the work,
when he told them to go on, and he would pay them.

There is some conflict in the testimony as to the extent and
nature of this promise, which the jury have settled in a man-
ner which we are not justified in unsettling. Where the evi-
dence is conflicting, we have often said we will not disturb
the verdict.

We do not think the Statute of Frauds has any application
in this case, nor is it like the case of *Hite* v. *Wells*, 17 Ill. 88.
In that case, the plaintiff counted upon the liability of Lyle,
and not upon an original promise from Hite to Wells. The
court said the plaintiff should declare upon the new contract.

In this case the undertaking is not collateral, but is de-
clared on as the original undertaking of defendant himself.
The defendant did not assume, as we understand the testi-
mony, to answer for Gruis, but his main purpose and object
were, to subserve a purpose of his own. 2 Pars. on Con. 305.

As was said in *Nelson* v. *Boynton*, 3 Metc. (Mass.) 396,
where the leading object of the undertaker is to promote
some interest of his own, the promise is not within the stat-
ute, although its effect is to release or suspend the debt of
another. Here, the object and purpose of defendant were, to
have the plastering speedily finished, that he might rent the
building, and thus derive income from it. This was the mo-
tive.

The judgment is affirmed.

*Judgment affirmed.*