# WILLIAM M. BUNTING

## *v.*

# SAMUEL H. DARBYSHIRE.

1. CONTRACT—*promise to pay debt of another to prevent a levy upon property claimed by promisor.* Where judgment was recovered against A & B, the latter being surety, only, for the former, and execution issued thereon, and the son of A, who claimed to have purchased A's property, and who was then in possession of the same, agreed with B, the surety, that, if he would settle the judgment on as reasonable terms as he could, and pay the same, he, the son, would pay him the amount so paid, and the surety did settle and pay the judgment, it was *held*, that the son of A was liable, on his contract with the surety, to pay him the amount paid to settle the judgment, with six per cent interest.

2. STATUTE OF FRAUDS—*promise to pay the debt of another.* Where a surety in a judgment upon which execution is issued has the right to have the debt collected out of property of the principal, and a son of the principal induces him to forego such remedy and pay the judgment, upon his promise to repay him, the contract to pay will not be within the statute of frauds, as a promise to pay the debt of another, but will be regarded as an independent and original contract.

APPEAL from the Circuit Court of Mercer county; the Hon. GEO. W. PLEASANTS, Judge, presiding.

Mr. I. N. BASSETT, for the appellant.

Messrs. TALIAFERRO & BROOK, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit commenced by appellee against appellant, before a justice of the peace, to recover the sum of $138.38, which had been paid by appellee, and which, it was claimed, appellant was liable to repay to appellee under an agreement to that effect. Appellee recovered before the justice; the defendant appealed to the circuit court, and judgment there was for appellee, from which defendant appealed to this court.

The error assigned is, that the verdict was clearly against the evidence, and that the court erred in not granting a new trial.

It appeared that Ebenezer Bunting, the father of appellant, was indebted to Ives & Dennison, prior to 1860, and gave his note to them, with appellee as security, which was sued before a justice of the peace, and judgment rendered against Ebenezer Bunting and appellee in 1860. Ebenezer Bunting became insolvent, and there was execution issued, in 1861, against him and appellee, but nothing made on it. Appellant was a single man; he bought the farm that his father was living on, and carried it on for ten or twelve years, his father living with him.

Execution was again issued on the judgment against Ebenezer Bunting and appellee, in March, 1872, and on the 28th day of March the officer called on appellee for payment. Ebenezer Bunting was then in the State of Nebraska, and had been living there for some time. Appellee claims that appellant had promised to pay the debt to Ives & Dennison in 1861, and that upon this application by the officer, appellee went and saw appellant, and the latter promised appellee that if he would go and settle the debt with Ives & Dennison on the best terms he could, appellant would pay appellee the amount he should pay to Ives & Dennison, and that appellee then went to the latter, and, on March 29th, 1872, paid them the sum sued for, in discharge of the judgment.

The court below gave the following instruction for the plaintiff:

"The jury are instructed that if they find, from the evidence, that the said defendant agreed with the said plaintiff, that the said plaintiff should see said Ives & Dennison, and settle or pay off the judgment upon as reasonable terms as possible, and that he would pay the said plaintiff the amount he paid said Ives & Dennison on said judgment; and if the jury further find, from the evidence, that plaintiff was the security only, for the said Ebenezer Bunting, and had no other interest in the note,

or judgment recovered thereon; and that the said Ebenezer Bunting was the principal debtor in said judgment and note; and, if they further find, from the evidence, that, at the time of the promise or agreement to pay said plaintiff, an execution was in the hands of the officer to collect said judgment, that the said defendant knew the same, and, at the time, had property in his possession belonging to Ebenezer Bunting, subject to said execution, and that the promise was made to prevent the levy of said execution upon said property, and, in consideration thereof, the plaintiff did prevent the levy of said execution by agreeing to pay, and paying the judgment, they will find for the plaintiff the amount he so paid, and interest thereon at the rate of six per cent per annum, from the time said money was paid."

No exception is taken to this instruction, and it seems to be impliedly conceded to be correct; and we see no reason to question its substantial accuracy. There was evidence tending to prove the hypothetical facts stated in the instruction. And we think there is no very serious question as to the sufficiency of the evidence in that respect, except as to the facts of appellant having property in his possession belonging to Ebenezer Bunting, and the promise being made to prevent the levy of the execution thereon. The evidence in this regard was quite conflicting. But we do not see that the jury have so palpably erred in their finding as to the weight of evidence as to demand that their verdict should be set aside.

It is objected that the promise was but a verbal one to pay the debt of another, and, therefore, void by the statute of frauds.

But we are of opinion that the state of facts set out in the instruction makes a case of an independent and original contract, and not a mere collateral promise to pay the debt of another.

Appellee had the right to cause to be enforced the collection of that judgment against himself and Ebenezer Bunting out of

the property of the latter; and if appellant, by his contract to pay the debt, hindered and prevented appellee from having it made out of such property, then he is liable to appellee in damages for a breach of that contract, to the amount he paid to discharge the judgment. And, although the result may be to cause the payment of the debt of another person, the contract was something different from a mere promise to pay such debt.

The judgment will be affirmed.

*Judgment affirmed.*