## JOSEPH GRAHAM

v.

## JOHN M. MASON.

1. STATUTE OF FRAUDS.—Where the leading object of the undertaking is to promote some interest of the party's own, his promise to pay is not within the Statute of Frauds, although its effect is to release or suspend the debt of another. The court is of opinion that the promise in this case was of such a character.

2. PROMISE—ORIGINAL UNDERTAKING—CONSIDERATION.—If the promise is in the nature of an original undertaking to pay a debt to a third party and is founded on a valuable consideration received by the promisor, it is not within the provisions of the statute, and need not be in writing to make it valid.

APPEAL from the Circuit Court of Richland county; the Hon. WILLIAM C. JONES, Judge, presiding. Opinion filed November 27, 1885.

Messrs. CALLAHAN & JONES and Messrs. ALLEN & FRITCHY for appellant; as to Statute of Frauds, cited Eddy v. Roberts, 17 Ill. 505; Blank v. Dreher, 25 Ill. 331; Williams v. Corbett, 28 Ill. 262; Frame v. August, 88 Ill. 424; Hite v. Wells, 17 Ill. 88.

Messrs. GIBSON & JOHNSON, for appellee.

GREEN, J. This was an action in assumpsit brought in the Richland Circuit Court by the appellee against the appellant. The cause of action is alleged in the declaration to be substantially as follows in first count: That on September 24, 1880, said John W. Mason sued out a writ of attachment from the Circuit Court of Jasper county against Wm. Frazier & Co. for the sum of $275; that in December, 1880, the writ was duly levied on the property of defendants; that at the time of said levy Frazier & Co. were employed in and were constructing the Danville, Olney & Ohio River Railroad, and in so doing, required the use of and were using the said property levied

on, and then had Joseph Graham in their employ as a superin-
tendent of construction ; that by reason of the said levy and seiz-
ure of said property, said Frazier & Co. were compelled to and
did temporarily suspend the construction and work on said
railroad ; that while said attachment suit was pending and un-
determined and for the purpose of procuring further employ-
ment for himself by securing the settlement and dismissal of
said suit, thereby to make the property levied on, available for
use in continuing the construction of said railroad, and in con-
sideration that Mason should dismiss his said attachment suit,
Graham promised Mason to pay him, the *amount* of the in-
debtedness aforesaid, due him from Frazier & Co.; that in con-
sideration of said promise and undertaking of Graham, Mason
on December 16, 1881, dismissed his suit in attachment and
thereby Graham became and was indebted, etc. The second
count is substantially like the first, with an additional aver-
ment that payment to Mason was to be made when a certain
amount of township bonds were issued, delivered and the
money realized thereon; this declaration concluded with the
usual breach, and *ad damnum* of $500. To this declaration,
defendant below pleaded the general issue, and the Statute of
Frauds, and proper replications thereto were filed by plaintiff
below. By agreement the cause was tried by the court with-
out a jury, and no propositions of law were asked to be held
by the court below.

The trial resulted in a finding for appellee, and a judgment
thereon by the court below for $275 against appellant, who
took this appeal therefrom. On the trial below, appellee
offered and read in evidence, without objection, the original
papers in the attachment suit of appellee v. Frazier & Co., in-
cluding affidavit showing an indebtedness from Frazier & Co.
to appellee for work and labor for $275, attachment bond and
writ of attachment, with a levy indorsed thereon upon horses,
mules, wagons, cars, tools, etc., levied upon as the property of
Frazier & Co., and also the record of the final order and
judgment of the court in the attachment suit, May 16, 1881,
which recites, that the parties appeared by their respective
attorneys, and it appearing to the court that the matters at is-

Graham v. Mason.

sue in this cause have been settled by agreement, and each party is to pay one half the costs, judgment is thereupon awarded, and execution against the parties for costs due from each, and appellee also proved by oral testimony, that at the time the said levy was made Frazier & Co. were constructing said railroad, and in such work required the use of and were using the property levied on; that the property levied on belonged to said firm; that the work of constructing the railroad was suspended; that Graham, the defendant below, was the superintendent of construction and chief engineer of the road, and was anxious to have the work progress; that while the attachment suit of appellee against Frazier & Co., was pending, and, said levy not released, appellant promised appellee to pay him the amount due him from Frazier & Co., in consideration that appellee would settle said attachment suit and release said levy; that appellee accepted this proposition, and relying on Graham's promise, notified his attorney in the attachment suit that the same had been settled, and directed him to dispose of the said suit accordingly, and that the amount due appellee from Frazier & Co., was $275, all of which remained unpaid, and that appellee had frequently requested Graham to pay him this amount, according to his promise and before commencing suit, but was not paid any part thereof. We think the proof supports the first count of the declaration of plaintiff below, and he was entitled to recover. Various reasons are urged for the reversal of the judgment in this case on behalf of appellant, none of which appear to us necessary to notice, other than the point urged, that the promise of appellant set up in said declaration, was void as being within the Statute of Frauds. We do not so understand it. It was not a promise to pay the debt of another, but a promise to pay the *amount* of such debt, in consideration that the original debtors should be released from the payment thereof, and that the appellee should release the lien of a levy upon the debtor's property for his debt for the benefit of appellant. It was an original undertaking and promise made by appellant for a sufficient consideration to pay appellee $275.

In Wilson v. Bevans, 58 Ill. 232, it is said: "If the promise

is in the nature of an original undertaking to pay a debt to a third party, and is founded on a valuable consideration, received by the promisor himself, it is not within the provisions of the statute and need not be in writing to make it valid and binding.

In Borchsenius v. Canutson, 100 Ill. 92, and cases cited there, this rule is stated: That where the leading object of the undertaking is to promote some interest of the party's own, his promise to pay is not within the Statute of Frauds, although its effect is to release or suspend the debt of another; to the same effect are the cases of Clifford v. Luhring et al., 69 Ill. 401; Meyer v. Hartman, 72 Ill. 442; and Bunting v. Darbyshire, 75 Ill. 408. The finding of the court below on the evidence was right and the judgment on such finding must be affirmed.

Judgment affirmed.