FRANCIS M. WINN, Respondent, v. MARK P. HILLYER, Appellant.

Kansas City Court of Appeals, January 5, 1891.

1. **Justices' Courts** : PLEADING : EVIDENCE : INSTRUCTION. A statement in a justice's court ( set out in the statement ) is *held*, in view of the liberal dealings in such matters in justice's court, to be sufficient for the purpose of admitting evidence, and supporting the instructions given.

2. **Frauds and Perjuries** : ANOTHER'S DEBT : BENEFIT OF PROMISOR. Where the promise to pay another's debt is made in consequence of a benefit accruing directly to the promisor, it is not within the statute of frauds. ;

3. **Partnership** : PROMISE TO PAY DEBT OF ANOTHER : PARTNERSHIP INTERESTS. One partner cannot make a promise to pay the debt of another which will bind the firm ; but it is within the scope of his authority to bind the firm for work about the partnership interest, and if, in order to obtain such service, he makes such promise for the firm it binds the firm.

*Appeal from the Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

Statement by the court.

This action is based on an account, and was begun before a justice of the peace. It was appealed to the circuit court, where plaintiff had judgment, and defendant appeals. The statement is as follows : For amended statement plaintiff states that defendant and one T. W. Sterritt were, on the first day of June, 1888, and are, partners doing business in the firm-name of Hillyer & Sterritt, and as such were, at said date and during said month of June, engaged in sinking a coal shaft near Macon, in said county ; that, during such time and up

to about the fifth day of July, 1888, one Harry Hamilton was engaged in said work as superintendent for the said firm; and, at the instance and request of said Hamilton, the plaintiff rendered services on said work as engineer, at the engine of said firm then employed at said work, for and including the eleventh day of June, to and including the thirtieth day of June, 1888, at $50 per month,—in all, seventeen days and eight hours, making at said rate $34.20 ; that, as per his agreement with Hamilton, plaintiff was to have $2 per day for all time employed in said services other than as engineer ; that he was so otherwise employed one half day at Bevier, making a total of $35.20.    Plaintiff say that, at the request of said Hamilton, the plaintiff's minor son worked on said shaft, during said month of June, eight days at $1.50 per day as per agreement, making a total now due the plaintiff, on account, of $47.20, as shown by an itemized account herewith filed and marked Exhibit "A."    Plaintiff says that he and his minor son continued in such employ up to the third of July, 1888, when two pay-days having elapsed, and neither the said Hamilton nor the said firm having paid anything on said services, the plaintiff and his minor son quit work on said third day of July, as well as the other employes then on said work to the number of twelve or more, and plaintiff and his said son and all other said employes then refused to resume work until they should be paid their accounts, up to July 2, 1888 ; that the said firm then, on the said third of July, 1888, proposed and agreed with said Hamilton that, if he would then use his influence with and induce the plaintiff and his said son and all the other said employes to resume work, the said firm would pay them their wages thereafter promptly on the sixteenth day of each and every month, and would further become liable for and pay the plaintiff and his said son's accounts aforesaid, as well as the accounts of all other said employes then accrued for

services and due; and said firm then so agreed with and promised this plaintiff, and then agreed that, if plaintiff and his said son would continue to render services as aforesaid, the said firm would pay them thereafter on the sixteenth day of each and every month, and would pay him his said account and that of his said son hereinbefore mentioned; that it was then made a part of said agreement of said firm with said Hamilton and with the plaintiff and with all others of the said employes that the said back indebtedness was to be paid by said firm on the fifth day of July, 1888; that, in consideration of said promise and undertaking to said Hamilton, as last aforesaid, the said Hamilton did then request, advise and urge the plaintiff and his said son, and said other employes, to accept said proposition of employment and of payment of back indebtedness, then offered by said firm; and said plaintiff and his said son did then, in consideration thereof, and of the assurance of payment by said firm as aforesaid, accept said proposition of said firm and continue in their employ in said service thereafter, as agreed. Yet the said defendant and the said firm have failed to perform their said agreement and to pay said past due accounts, although demanded; that they are now due and wholly unpaid, and said firm and members thereof are liable to pay the same, and plaintiff, therefore, asks judgment against defendant for said sum of $47.20 with interest and costs.

*Sears & Guthrie*, for appellant.

*Berry & Thompson*, for respondent.

(1) The statement states a good cause for action in each count thereof. When the main purpose of the promisor (as in the case at bar) is not to answer for the debt of another, but to subserve some business purpose of his own, involving either benefit to himself or damage to the other contracting party, his promise is not within the statute, although it may in form be a

promise to pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing that liability. It was a good contract and not within the statute. It is sufficient to call the atten- tion of the court to. a few authorities on this point. 1 Reed on Statute of Frauds, secs. 70, 73 ; *Calkins v. Chandler*, 36 Mich. 324 ; *Crawford v. Edison*, 45 Ohio St. 239 ; *Walther v. Merrill*, 6 Mo. App. 370 ; *Clifford v. Luhring*, 69 Ill. 401. ( 2 ) When the promisor is himself to receive the benefit for which the promise is made, it is immaterial whether the original debtor remains liable or not. 1 Reed on Statute of Frauds, secs. 70–73, *supra ; Crawford v. Edison*, 45 Ohio St. 239, and authorities cited in opinion. ( 3 ) It is true that one partner cannot guarantee or make his copartner liable for the debt of a third person, as an abstract prop- sition as held in *Rimel v. Hayes*, 83 Mo. 200, and the cases cited by appellant touching that point. This is not such a case. Here it became necessary in the pro- gress of the firm business in order to protect the firm property, that some arrangement for a continuation of the work on the shaft be at once made and effected. Otherwise the firm will sustain loss and damage to its property. Under these circumstances the contract of Sterritt was the contract of the firm, and appellant was bound by it. 1 Lindley on Partnership by Ewell, 237. That one partner may bind his copartner for expenses incurred in and about the care, use and protection of the firm property, is too well settled to require citation of authorities. Their relations in that sense are gov- erned by the rules applicable to trustees and agents. *Filburn v. Ivers*, 92 Mo. 388 ; *Flanagan v. Alexander*, 50 Mo. 50. The liability is joint and several. *Simpson v. Schulte*, 21 Mo. App. 639.

ELLISON, J.—All the instructions offered by defend- ant were refused. It will be observed that the statement of plaintiff's cause of action is not well drawn ; that it

is somewhat ambiguous; especially when considered in connection with his instructions which appear to have covered the whole case. If this action had originated in the circuit court, and the statement had stood there for the petition, we should have been inclined to adopt defendant's theory here urged, viz., that the evidence and instruction were a deviation from the allegations. But in view of the liberal dealings with such matters, when originating in a justice's court, we will not so rule. It does appear to be in doubt whether defendant has first stated that Sterritt & Hillyer owed him for work which they failed to pay, and on account of which he quit work, and that thereupon said firm agreed that if he would resume work they would pay him thereafter promptly and would, in consideration of such resumption of work, also pay him what they already owed him by reason of being hired by Hamilton, their superintendent. But from the whole paper it sufficiently appears, for the purpose of admitting evidence, to the effect that Hamilton was plaintiff's debtor up to the time he quit work, and that, in consideration of continuing or resuming work (in which defendant's firm was interested), the firm, through Sterritt, agreed to pay Hamilton's debt, and would thereafter become paymasters themselves. The testimony sustained this theory.

The statute of frauds is, however, interposed. But we think it is not applicable. Here the promise to pay Hamilton's debt is made in consideration of a benefit accruing directly to the promisor. The payment of Hamilton's debt is not promised for Hamilton's sake, but for a purpose of, and a benefit to, Sterritt & Hillyer. The payment of Hamilton's debt is really an incident to the main purpose. *Walther v. Merrill*, 6 Mo. App. 370; *Calkins v. Chandler*, 36 Mich. 324; *Clifford v. Luhring*, 69 Ill. 401; *Crawford v. Edison*, 45 Ohio St. 239.

II. This promise was made by defendant's partner and we will concede the proposition that one partner

cannot make a promise to pay the debt of another which will bind the firm. But in this case as we have seen the promise, while having an incidental relation to Hamilton's debt, its purpose and object was for the advancement of the partnership interests. It was within the scope of Sterritt's authority as a partner to bind the firm for work in, about or upon the partnership interests; and, if in order to obtain service, and in consideration of services for the partnership, the promise was made for the firm, it binds the firm.

The foregoing view perhaps disposes of all refused instructions offered by defendant. We have examined them in detail, and fail to discover any error affecting the merits of the case, and affirm the judgment. All concur.