## Paul Cornell v. Central Electric Co.

61  325
80  528
61  325
86  564

1.  JURY—*Settlement of Controverted Facts.*—It is the very essence of the functions of a jury to settle controverted facts, and unless their finding is manifestly wrong it will not be disturbed on appeal.

2.  CONSIDERATION—*Agreement to Forbear.*—An agreement to forbear

to sue for a time certain, or for a reasonable time, is a good consideration to support a promise to pay the debt of another, and need not be in writing.

3. SAME—*For a Promise to Pay.*—The slightest damage to the plaintiff, or benefit to the defendant, affords a sufficient consideration to support a promise to pay.

4. SAME—*Honest Assertion of a Right—Probable Cause of Action.*— It is not material that the right to recover in the suit forborne should exist. If the right, though a doubtful one, is honestly asserted, the agreement to forbear its prosecution is based upon a sufficient consideration. It is enough if a reasonably probable cause of action, although a debatable one, existed.

5. STATUTE OF FRAUDS—*A Promise Not Within.*—A promise by the owner of a building to pay the debt of another for material used therein, in consideration of an agreement to forbear for a reasonable time from filing a petition for a mechanic's lien, followed by actual forbearance. is supported by a sufficient consideration and amounts to an original undertaking, and is not within the statute of frauds.

Assumpsit, upon a promise to pay. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 12, 1895.

FRANK B. DYCHE and J. E. CORNELL, attorneys for appellant.

WALTER W. Ross and MORTON DENISON HULL, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee, a corporation, sued the appellant for $737.42, claimed for electric supplies furnished by it to one Hand, who had contracted with appellant to place electric wires, fixtures and devices in a hotel building then in process of construction by the appellant, and, upon the verdict of a jury, a judgment for the full amount claimed was recovered by appellee.

The appellant contends that the alleged promise by him or his agent to pay the debt of Hand to appellee was not sustained by a preponderance of the evidence. The evidence upon that question was conflicting. It is the very

essence of the functions of a jury to settle controverted facts, and unless their finding is manifestly wrong it will not be disturbed upon appeal. Having considered the evidence attentively, we are unable to say that their finding was not in this case warranted by the evidence.

The next point urged by appellant is that, even though there was such a promise proved, there was no consideration for it; that the promise was not in writing, and was, therefore, within the statute of frauds.

The consideration that was proved was an agreement to forbear, followed by actual forbearance by the appellee, to, for a reasonable time, refrain from filing a petition to enforce a mechanic's lien against appellant's hotel property. An agreement to forbear to sue for a time certain, or for a reasonable time, is a good consideration to support a promise to pay the debt of another, and need not be in writing. Webbe v. Romona O. Stone Co., 58 Ill. App. 222. The slightest damage to the plaintiff, or benefit to the defendant, affords a sufficient consideration to support the promise to pay. Walker v. Sherman, 11 Met. 170, cited in the last case, *supra*.

Nor is it material that the certain right to recover in the suit forborne should exist. If the right were honestly asserted, though a doubtful one, the agreement to forbear its prosecution is based upon a sufficient consideration. Honeyman v. Jarvis, 79 Ill. 318; Pool v. Docker, 92 Ill. 501; Knotts v. Preble, 50 Ill. 226.

But it is insisted by appellant that the claim of appellee, at the time the promise was made, was wholly unsustainable at law or in equity as against the appellant or his property, in the improvement of which the goods and materials were furnished, and urges that his insistence in that regard is supported by the fact that appellee's subsequent petition for a mechanic's lien was dismissed as not being sustainable.

Under the principle already stated, it was not necessary that a certain right to sustain the forborne action should exist. It was enough that a reasonably probable cause of action, although a debatable one, existed.

An examination of the record shows that at the time the promise was made, the appellee was honestly asserting its right to maintain a mechanic's lien against appellant's property, and threatening to commence suit therefor, and it is by no means certain that had appellee not been lulled into inactivity in the performance of its statutory rights in that regard, by the promise of appellant, its right to sustain the lien would have become lost.

We consider that the promise was supported by a sufficient consideration, and amounted to an original undertaking by appellant, based upon that consideration, to pay the debt, and was, therefore, not within the statute of frauds. Clifford v. Luhring, 69 Ill. 401; Borchenius v. Canutson, 100 Ill. 82; Wilson v. Bevans, 58 Ill. 232; Graham v. Mason, 17 Ill. App. 399.

The judgment of the Circuit Court is affirmed.