## Minna Allmendinger, Impleaded with Jacob Blattau, v. Malcom McDonald Lumber Co.

1. CONSIDERATION—*Waiver of Lien as, Sufficient.*—An agreement to waive security to be acquired by a mechanic's lien upon the property of the party making the agreement is, in law, under the facts and circumstances of this case, a good and sufficient consideration for a promise to pay the debt.

Allmendinger v. Malcom McDonald Lumber Co.

**Assumpsit,** for merchandise sold, etc.  Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding.   Verdict and judgment for plaintiff; appeal by defendants.  Heard in the Branch Appellate Court at the March term, 1899.  Affirmed.  Opinion filed April 11, 1899.

BARKER & CHURCH, attorneys for appellant.

E. L. BARBER, attorney for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

In December, 1890, Jacob Blattau, a son-in-law of appellant, Minna Allmendinger, made a contract with her by which he agreed to do the carpenter work and furnish the material for certain buildings to be erected for her in this city.  Blattau procured from appellee lumber for, and which was used in the construction of, said buildings, which were completed about the middle of April, 1891.  Appellee claims that in the spring of 1891, appellant promised to pay to appellee the balance due for such lumber, amounting to $704.06, if appellee would extend the time for payment, and not put a lien upon her buildings, and that appellee agreed to such arrangement.  Also that, relying upon such agreement, it did not put a lien upon the buildings.

On the part of appellant it is claimed that she did not promise to pay appellee as contended, and that in any event the judgment is too large.

In argument it is contended, on behalf of appellant, that even if appellant did promise and agree to pay the balance due to appellee, that such promise was without consideration, and therefore void.  We think not.  Parties representing appellee were pressing for payment of its claim.  Appellant was by them requested to pay it.  The time for placing a lien upon her property had not then expired.  Appellant might also have been made personally and jointly liable with Blattau under the Mechanic's Lien Statute.  An agreement by appellee to extend the time of payment and to waive whatever security it might acquire by a lien upon the property of appellant, was in law, under the facts and

circumstances of this case, good and sufficient consideration for the promise of appellant.

The most that can be successfully contended as to the testimony concerning the material questions involved, is that it is conflicting. It can not be said that the verdict of the jury is so manifestly contrary to the evidence as to justify the court in setting it aside. The questions of fact as to whether appellant promised to pay the balance due to appellee, and as to what amount was so due, were fairly submitted to the jury, and their finding is controlling.

The judgment of the Superior Court is affirmed.