John O. Weisse, Defendant in Error, v. Frank L. Fowler, Plaintiff in Error.

### Gen. No. 17,483.

1. CONTRACTS—*consideration.* The compromise of a claim is sufficient consideration for a promise to pay it, even if the claim is doubtful.

2. MECHANICS' LIENS—*waiver of lien a consideration.* A promise by an owner to pay the claim of a subcontractor rather than have such contractor place a mechanic's lien upon the property is based upon a good consideration.

3. MECHANICS' LIENS—*when agreement to forbear is consideration for promise to pay.* Where an owner promises to pay a subcontractor for material furnished and the subcontractor agrees to do nothing until a certain day, and permits the time within which he should have filed notice of a mechanic's lien to elapse without filing the same, there is a forbearance or an agreement to forbear that is a sufficient consideration for the promise to pay, and it was not necessary that the subcontractor should agree upon a fixed and definite time to which the forbearance should go.

4. CONTRACTS—*when forbearance is sufficient consideration.* An understanding that a debtor shall be indulged for a reasonable time, or indulged generally, and an actual forbearance for a reasonable time, is sufficient consideration for a promise to pay.

Error to the Municipal Court of Chicago; the HON. GEORGE J. COWING, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1911.    Affirmed.    Opinion filed January 9, 1913. Rehearing denied January 23, 1913.

FOWLER, MCDONNELL & ROSENBERG, for plaintiff in error.

FREDERICK A. BROWN and WILLIAM R. T. EWEN, JR., for defendant in error; R. C. SERCOMB, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

We are asked to reverse a judgment obtained by John O. Weisse against Frank L. Fowler in a suit in the municipal court.    In brief, the facts are that on April 1, 1909, Fowler entered into a contract with one Peterson to make certain alterations in and additions to his house in Wilmette, Illinois.    Pursuant to said contract Peterson employed Weisse to furnish certain mill work to be used in the house, for which Peterson agreed to pay plaintiff the sum of four hundred dollars.    Additional material was ordered to the value of $9.50.    Delivery of this material was commenced on April 14, 1909, and the last delivery was made on November 16, 1909, and all of such material was used in the work in the Fowler house.    Peterson gave Fowler a sworn statement of the amounts to become due, showing the amount due Weisse for said material in the sum of $409.50.    A question arose as to whether Peterson could complete his work within the figure named in his contract, and some letters passed and interviews took place between Weisse and Fowler concerning the payment of the Weisse claim.    About a month after the last shipment Weisse called at Fowler's office and left word with his clerk (Fowler being out of the city) to tell him that he, Weisse, would have to protect himself and that they should come to some settlement.    This was communicated to Fowler, who wrote Weisse under date of January 8, 1910, as follows:

"My Chicago office advise me that you called in my absence. I am entirely willing to pay for all material delivered to my building at what it is worth, provided the same has been used therein and is accepted. I have not been able to get Mr. Turnock, the architect, to check up this material yet, but I am trying to get him there the forepart of next week and I will advise you as soon as he does so."

Weisse relied upon this letter as containing the promise of Fowler to pay for the materials, and brought suit. The trial court held that this constituted a personal obligation upon Fowler, and rendered judgment for Weisse. To avoid the effect of this promise, it is urged by the plaintiff in error, Fowler, that it was given without consideration; to which the defendant in error replies that on the date of the letter Weisse had a valid claim against Fowler's property for a mechanic's lien, which he agreed to waive. Without discussing the opposing arguments made by counsel, it is sufficient to say that the compromise of a claim is sufficient consideration for a promise, and this is true even if the claim is doubtful. McKinley v. Watkins, 13 Ill. 140. That a promise by an owner to pay the claim of a subcontractor rather than have a lien placed on the property is based upon a good consideration is held in St. Clair v. Perrine, 75 Ill. 366; Cornell v. Central Electric Co., 61 Ill. App. 325; Allmendinger v. McDonald Lumber Co., 82 Ill. App. 166. Many other cases might be cited in support of this proposition.

It is further argued by plaintiff in error that forbearance without an agreement on the part of the creditor to forbear is not a sufficient consideration. This contention is answered by reference to the evidence, in which it appears that Weisse in writing acknowledged the receipt of the letter of January 8th, and because of its promise agreed to do nothing until February 1st. It also appears that Weisse permitted the time within which he should have filed notice, un-

der the statute, of his claim for a lien, to go by without filing the same; so that there was in effect a definite forbearance.   But even if this were not the case, we do not think that it was necessary to show that Weisse agreed upon a fixed and definite time to which the forbearance should go.   The rule seems to be that an understanding that a debtor shall be indulged for a reasonable time, or indulged generally, and an actual forbearance for a reasonable time, will be sufficient.   Mc-Micken v. Safford, 197 Ill. 540.

Claim is made by plaintiff in error that in any event the promise to pay was conditioned upon the material furnished by Weisse being used in Fowler's building and accepted, and it is said that there is evidence showing that some of the material was not used.   An examination of the record leads us to the opinion that the contract was substantially complied with, and there being no objection of any moment to the materials furnished, Fowler must be held to have accepted the same.

For the reasons indicated the judgment of the lower court is affirmed.

*Affirmed.*