## JAMES A. HATFIELD, Respondent, v. L. A. SWIFT, Appellant.

### Kansas City Court of Appeals, December 1, 1913.

1. **PRACTICE, APPELLATE: Verdict: Substantial Evidence.** If there is any substantial evidence to support a verdict an appellate court will not disturb the judgment rendered thereon.

2. **INSTRUCTIONS: Employment: Individual.** Where it is conceded that a defendant employed the plaintiff to render services, but contended that the employment was for others and not individually, an instruction which omits to submit whether plaintiff knew defendant was not acting for himself is erroneous.

Appeal from Buchanan Circuit Court.—*Hon. W. K. Amick,* Judge.

AFFIRMED.

*John E. Dolman* and *Joseph McDonald* for appellant.

*Mytton & Parkinson* for respondent.

ELLISON, P. J.—This is an action on an account for services alleged to have been rendered to defendant at his request. The judgment in the trial court was for plaintiff.

In view of our obligation to stand by the verdict of a jury when it is supported by any substantial evidence, we do not discover any good reason upon which to base this appeal. Defendant makes a statement in detail of the connection which he had with the St. Joseph Stockyards and of the doings of the Blair Horse and Mule Company and the Ben Miller Mule Company, showing the latter quit business in debt to the former, etc.; and that plaintiff had been its employee up to the time it ceased business.

Plaintiff's statement sets out that defendant was a large stockholder in the Stockyards Bank in St. Joseph which "financed" the above companies.

174 Mo, App, 45

While these matters may have had their proper place in giving a right understanding to the jury and enabling it the better to judge between the conflicting statements of the parties as appeared in their testimony, the important fact controlling us is, that there was abundant evidence in plaintiff's behalf that defendant personally employed him and agreed to pay him $100 per month and the jury so found. We must sustain the judgment rendered on the verdict unless there is error in refusing two instructions offered by defendant.

Of these, the first starts out with the erroneous statement that although defendant told plaintiff to take charge of or look after what was known as the Ben Miller mules that statement of itself will not constitute a contract on the part of defendant individually.'' To have so characterized such acts, as a matter of law, would have been improper. It should have stated that such acts would constitute a contract if accepted by plaintiff, unless plaintiff knew he was acting for other parties. The instruction was likewise improper in the latter part in commenting or particularizing certain evidence.

Besides this all that defendant was entitled to on the subject of whether he was acting for himself or for others was embodied in the instruction which the court modified. It is true that complaint is made of that modification, but it is apparent to us that it was proper enough and could not have misled the jury. Furthermore, since these instructions are bottomed on the concession that defendant did employ plaintiff, the hypothesis that he must have made the employment for himself was improper, unaccompanied by the qualification that plaintiff knew defendant was not acting for himself. This fault would have justified the court in refusing entirely both instructions. The judgment was manifestly for the right party and is affirmed.

All concur.