MISSOURI STATE LIFE INSURANCE COMPANY, APPELLANT, v. C. H. EARLY, RESPONDENT.*

Kansas City Court of Appeals. February 11, 1929.

*Corpus Juris-Cyc. References: Frauds, Statute of, 27CJ, section 20, p. 134, n. 15; p. 135, n. 16, 17; section 405, p. 321, n. 86.

*Allen May, Warren Rogers* and *Ramond J. Lahey* (*Jourdan & English* of counsel) for appellant.

*Rodgers & Buffington* (no brief) for respondent.

ARNOLD, J.—This is an action to recover the sum of $784 unpaid interest for one year on a promissory note secured by deed of trust.

The facts of record are that on March 1, 1920, Claud Asbury and Gertrude Asbury borrowed from plaintiff the sum of $11,200, giving their promissory note therefor, secured by a deed of trust on one hundred and sixty acres of land in Audrain county, Missouri, bearing interest at seven per cent per annum, payable annually on March 1st each year. The deed of trust provided that in default in the payment of any interest installment when due, the same might be foreclosed and the property sold under the terms thereof. On March 2, 1920, Claud Asbury and wife conveyed said property to Fred Shelledy who assumed payment of the note thus secured by said deed of trust.

On July 15, 1920, Fred Shelledy and wife conveyed the land to defendant C. H. Early, the deed being made "subject to the encumbrance" above noted. Defendant continued to own the land until April 24, 1926, and paid the yearly installments of interest from the date of his purchase of the land up to and including the installment due on March 1, 1924; but failed to pay the one due on March 1, 1925, amounting to $784, as stated above, and the purpose of this suit is to collect the same. The petition alleges the formal matters above referred to and further—

"That on the ———— day of April, 1925, C. H. Early, the defendant herein, promised to pay said interest if plaintiff would not exercise its right to foreclose said deed of trust and extend the time of payment of said interest until July 1, 1925; that in consideration of said promise, the plaintiff did not exercise its right to foreclose and consented to extend the time of payment of said interest until July 1, 1925, provided that defendant send the plaintiff his tax receipts showing the 1924 taxes paid; that pursuant to said agreement and in conformity therewith, defendant did send to plaintiff said tax receipts and plaintiff did extend the time of payment of said interest to July, 1925, and did not institute foreclosure proceedings."

The answer was a general denial. Upon the issues thus made, and by agreement, the cause was tried to the court without a jury. At the close of plaintiff's evidence, defendant offered a demurrer asking the court to declare that under the law and the evidence, the plaintiff could not recover. The court took the matter under advisement until the next regular term at which time he sustained the demurrer. Plaintiff, by leave of court, took a nonsuit with leave to move to set the same aside, and at the January term, 1927, of said court, filed motion to set aside the nonsuit and grant a new trial for the reasons (1) that the court erred in sustaining the demurrer; (2) in giving the instruction, or declaration directing that under the pleadings and evidence the finding should be for the defendant, and (3) under the pleadings and evidence in this case there was raised an issue of fact which should have been submitted to the trier of fact for decision. The motion was overruled and plaintiff has appealed.

The cause is submitted to this court for review upon the record and brief of plaintiff. The defendant furnishes no brief and we are unable to get defendant's position in respect to matters in issue except from inferences to be drawn from the objections interposed and statements of counsel in support thereof during the progress of the trial. From these it is gathered that defendant's position is that he is not liable because the alleged agreement to pay the installment of interest upon which this action is based was not in writ-

ing, and therefore the claim is barred by the Statute of Frauds. Plaintiff takes the opposite view.

Plaintiff's evidence in support of the petition consists of the testimony of one W. H. Stubblefield, an agent of plaintiff in charge of some of its business involving "collection of interest and notes and handling real estate." This witness testified that on April 9, 1925, he called upon defendant at his office in Centralia, Mo., relative to the installment of interest due on March 1, 1925, then in default. When asked what the conversation was an objection was interposed by defendant's counsel, as follows:

"We object to that, and we further object to any oral conversation or understanding or statements made between him and Early because it shows upon the face of the petition in this suit that this is a claimed agreement to answer for the debt, default or miscarriage of another, and, under the Statute of Frauds it must be in writing."

The court overruled the objection. The witness then stated:

"I had a conversation with Mr. Early about the payment of the interest, and he told me he wasn't able to pay it, . . . but if we would extend the time to the first of July or first of August that he would pay one year's interest, and in that conversation I told Mr. Early if that was done it would be necessary for him to pay the taxes and he stated that he had already paid them, and I told him to send his tax receipt in and make a written request for extension to July 1st, and he told me he would do that and he did do it."

The witness further testified: "Well, it was stated by Mr. Early that he would pay that on July 1st if we would not foreclose, and I told him that I would recommend that to our company, and I did."

Further the witness stated that Mr. Early did send in his tax receipt showing the 1924 taxes paid; that after witness returned to the home office in St. Louis, the company wrote Mr. Early a letter in reference to an extension of time for the payment of interest. A carbon copy of said letter was identified by witness and introduced in evidence. It is as follows:

"5246

"Credit Division

"April twenty-second,
"Nineteen twenty-five.

"Mr. C. H. Early,
"Centralia, Missouri.

"Dear Sir:

"We have been informed by our Mr. Stubblefield, who was in personal interview with you a few days ago, that you requested an extension of time until July 1st to pay the interest of $784, which is past due since March 1st.

"We also were advised that all taxes on this property had been paid to date.

"We are willing to grant you an extension until July 1st to pay this interest on condition that you forward to this office the tax receipts showing that the 1924 taxes, as well as those for prior years, have been paid.

"As soon as we record these receipts the same will be returned to you.

"Kindly forward tax receipts to this office immediately and then arrange your finances in order to meet this interest not later than July 1st.

"Yours very truly,
"MISSOURI STATE LIFE INSURANCE COMPANY,
"Manager, Credit Division."

It will be noted this letter is dated April 22, 1925, and after the alleged conversation on April 9, 1925. On May 7, 1925, defendant wrote plaintiff as follows:

"Centralia, Missouri,
"May 7th, 1925.

"Missouri State Life Insurance Company,
"Credit Division #5246
"St. Louis, Missouri.
"Gentlemen:

"Yours of the 25th received. Enclosed find my tax receipt regarding same and I thank you very much for the extension and will try and be prepared to take care of it by that time.

"Yours truly,
"C. H. EARLY."

In reply plaintiff wrote as follows:

"May eleventh,
"Nineteen twenty-five.

"5246
"Tax Division.
"Mr. C. H. Early,
"Centralia, Missouri.
"Dear Sir:

"This will acknowledge receipt of your letter of May 7th, enclosing tax receipt No. 8409, which shows that the 1924 taxes have been paid under the above numbered loan in Audrain county.

"We have checked your receipt, made it a part of our records, and are now returning same to you.

"Thanking you for your kind attention in this matter, we are,

"Yours very truly,
"MISSOURI STATE LIFE INSURANCE COMPANY,
"Manager Tax Division."

On October 30, 1925, plaintiff's attorney wrote defendant relative to the matter and stated:

"October thirtieth,
"Mr. C. H. Early,                                    "Nineteen twenty-five.
"Centralia, Mo.
"Dear Sir:
"Re: Loan No. 5246.

"Your note and mortgage for $11,200, secured by 160 acres of land in Audrain county, Missouri, has been placed in my hands by the Missouri State Life Insurance Company in default of interest amounting to $784, past due since March 1, 1925, together with accrued interest thereon at eight per cent.

"I have been informed by the Insurance Company that they have previously allowed you an extension for paying this interest, which expired on July 1st, and since then their numerous letters to you have met with no reply.

"I am instructed to immediately proceed with foreclosure. However, before I do this I wish to give you one more opportunity to save yourself.

"If you care to avoid further expense and embarrassment, you may do so by forwarding me your remittance in the form of St. Louis exchange for the above amount, plus eight per cent interest from March 1st until payment reaches my office. I will withhold action until the 15th day of November, and, unless satisfactory arrangements are made for clearing up this account, I will proceed as indicated above.

"Yours very truly,
"CGM:RA:CC                                         "Attorney."

To this letter defendant replied as follows:

"Chicago, Ill., November 13, 1925.

"Charles Campbell,
"1501 Locust Street,
"St. Louis, Mo.
"Dear Sir:

"Yours regarding loan No. 5246 my past due interest. I have good crops on this farm and they are harvesting them now, and I expect to sell and pay this as soon as the crop can be gotten in.

"The Missouri State Life Insurance Company has been very kind to me in this matter and I am very sorry that I had to let it run this way; but I couldn't help it, and I expect to settle soon.

"Yours truly,
"C. H. EARLY."

Thereupon plaintiff introduced in evidence its exhibit 1, as follows:

"March twentieth,

"Nineteen    twenty-five.

"5246

"Credit Division.

"Mr. C. H. Early,

"Centralia, Missouri.

"Dear Sir:

"We have your letter of March 14th, in which you state that you desire additional time for paying the interest of $784 which became due on your loan March 1, 1925.

"Under the rules and regulations laid down by the State Insurance Commissioner, which govern the investment of the funds of this company which belong to our policyholders, it is required that all interest on outstanding loans must be paid promptly when due. Furthermore, our borrowers in most cases have a whole year in which to anticipate these interest payments and consequently should arrange finances to be in position to meet them promptly.

"In view of the above circumstances, it will be impossible for us to grant you any further extension, and we shall expect your remittance in the form of St. Louis exchange covering this interest plus eight percent added from due date until payment reaches our office.

"Yours very truly,

"MISSOURI STATE LIFE INSURANCE COMPANY,

"Manager Credit Division."

These letter exhibits were received in evidence over the objections of defendant. Plaintiff's exhibit No. 1 refers to defendant's letter of March 14th, but the same is not in evidence.

There were also introduced in evidence parts of a deposition of defendant taken at Centralia, Mo., on May 26th (year not given) wherein deponent stated he formerly owned the farm in question, that he bought same in 1920, or 1921, from Fred Shelledy and that Shelledy had bought it from Mr. Asbury; that there was a mortgage of $11,200 on the farm; that he paid the installments of interest every year from 1923 until 1925, but that he did not pay the interest due March 1, 1925; that he continued to own the land until April or May, 1926; that he had signed no note or deed of trust and that he had not put the loan on the farm; that it was on the farm when he bought it. Witness Early testified in said deposition that he had a talk with Mr. Stubblefield, but did not recall the date; that Stubblefield had asked him to write plaintiff for an extension of time for paying the 1925 interest, and to suggest he could possibly take care of it on July 1, 1925; and that Mr. Stubblefield made the suggestion because defendant had not answered their letter; that at that time he felt he was not in a position to take care of the interest.

"Q. And you told Mr. Stubblefield that if they would wait on you until about the first of July or first of August that you could take care of it? A. I couldn't tell you just what I told Mr. Stubblefield, but there is something else behind that—I had sold this farm and was to get some money, but never did get it.

"Q. Did you tell Mr. Stubblefield that if the company would give you until July or August, 1925, you could take care of the interest about that time? A. I don't think I told him that; I think that was his suggestion.

"Q. And if you did you do not now recall it? A. No, sir.

. . . . .

"Q. Did you ever agree to pay to the Missouri State Life Insurance Company the interest which fell due March 1st, 1925, on the $11,200 on the Asbury farm? A. I expect I did.

. . . . .

"Q. You asked for an extension of time in which to pay it, did you not? A. I don't know.

"MR. BUFFINGTON (interrupting): We object for the further reason that the evidence shows here that the matter was in writing and these letters are identified and attached to the deposition.

"THE COURT: Objection overruled.

"MR. ROGERS (reading): 'Q. Did you ever tell the company or any of its representatives that you would pay it if they would wait awhile? A. I don't think I ever told them I would pay it any certain time.

" 'Q. But you did tell them if they would wait awhile you would pay it? A. Yes, I know I told them I would pay it.'

"MR. BUFFINGTON (interrupting): We object to that as indefinite—no date whatever is fixed and no showing as to when the conversation was had with reference to the time they say this contract was entered into, mentioned in the petition.

"THE COURT: Objection overruled."

The question decisive of this appeal is whether or not the alleged oral promise to pay the interest due March 1, 1925, is within or without the Statute of Frauds. The suit was instituted on May 19, 1926, but whether defendant owned the land at that time is not clear from the record. It is contended by plaintiff that the verbal contract upon which plaintiff's cause of action is based, is not within the Statute of Frauds, and in this connection it is urged that where the leading object of the promisor is to further or promote some purpose or interest of his own, or the promise is made for a benefit, or supposed benefit accruing directly to the promisor, it is an original promise, and is not within the Statute of Frauds, although the result may be the discharge of the debt of another.

This statement reflects the general rule laid down in 27 C. J. 132, and is supported by Winn v. Hillyer, 43 Mo. App. 139; Martin v. Harrington, 174 Mo. App. 705, 161 S. W. 359; Armstrong v. Bank (Mo. App.), 195 S. W. 562. But the text modifies this statement in saying it is often difficult to determine from the mere words in which a promise is made, whether an undertaking is collateral to the engagement or liability of a third person, or an entirely independent and original undertaking. Generally speaking, an oral undertaking by a person not previously liable, for the purpose of securing the debt or performing the same duty for which the person for whom the undertaking is made was liable, is within the statute and must be in writing. The test is whether the promise, in fact, was made and intended as collateral or original, and in determining this question, regard must be had to the situation of the parties and all the circumstances of each particular case. It follows, therefore, that the mere verbal form of expression used is not controlling. There was substantial evidence tending to show that defendant promised to pay the delinquent installment of interest in the event plaintiff would forbear to enforce the lien; and this must be considered an original promise. The general rule is stated in 27 C. J. 151, as follows:

"A creditor's forbearance to secure or to enforce a mortgage or other lien will be sufficient consideration to take a parol promise to pay the debt of another out of the statute where the primary purpose was to obtain a resulting benefit to the promisor; otherwise the promise is within the statute, although during the period for which the plaintiff agreed to forbear the time for filing a lien expires."

In addition to the Missouri cases above cited, this rule is adopted and discussed in Moore v. McHaney, 191 Mo. App. 686, 178 S. W. 258, and we think it is controlling here in favor of plaintiff's contention.

Plaintiff advances another reason in support of its appeal which we think good, to the effect that the Statute of Frauds does not apply where the contract has been performed by one of the contracting parties, and such party may sue upon the contract. The rule is stated in 27 C. J. 350, as follows:

"But the great weight of authority supports the rule that the Statute of Frauds has no application where there has been a full and complete performance of the contract by one of the contracting parties, and the party so performing may sue upon the contract in a court of law; he is not compelled to abandon the contract and sue in equity or upon a *quantum meruit.*"

There is a long line of decisions in Missouri supporting this rule. [McGinnis v. McGinnis, 274 Mo. 285, 202 S. W. 1087, and cases therein cited.] There is substantial testimony in the record that plaintiff did perform its part of the contract in the testimony of Stubblefield,

and, in fact, in the letter of defendant thanking plaintiff for the extension of time.

We hold the court erred in overruling the motion to set aside the nonsuit and grant plaintiff a new trial. The judgment is reversed and the cause remanded. *Bland, J.*, concurs; *Trimble, P. J.*, absent.